In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4180

United States of America,

Plaintiff-Appellee,

v.

Donald K. Lane,

Defendant-Appellant.

Appeal from the United States District Court for the
Western District of Wisconsin.
No 00 CR 53 C--Barbara B. Crabb, Judge.

Submitted April 18, 2001--Decided May 31, 2001

   Before Posner, Easterbrook, and Kanne,
Circuit Judges.

   Posner, Circuit Judge.  The defendant,
whose appeal to this court from his
conviction of being a felon in possession
of a firearm, 18 U.S.C. sec. 922(g)(1),
is pending, renews in this court, as he
is entitled to do, Fed. R. App. P. 9(b),
his motion for release on bail pending
the decision of his appeal. The district
judge denied the motion, which had been
filed pro se, because she thought that
the defendant had no substantial grounds
for appeal. The attorney appointed for
him on appeal has come up with a ground
that may be substantial, though that is
for the district court to consider in the
first instance, see United States v.
Swanquist, 125 F.3d 573, 575 (7th Cir.
1997)--unless the motion is barred at the
threshold because being a felon in
possession of a firearm is a "crime of
violence," defined (so far as relates to
this case) as a felony that, "by its
nature, involves a substantial risk that
physical force against the person or
property of another may be used in the
course of committing the offense." 18
U.S.C. sec. 3156(a)(4)(B). A defendant
found guilty of a crime of violence as so
defined may not be released pending
appeal unless "it is clearly shown that
there are exceptional reasons why such
person's detention would not be

appropriate." sec. 3145(c); see sec.sec. 3142(f)(1)(A), 3143(b)(2). The two circuits that have addressed the question whether being a felon in possession of a firearm is a crime of violence within the meaning of section 3156(a) (4)(B) have split, the Second Circuit holding in United States v. Dillard, 214 F.3d 88 (2d Cir. 2000), that it is and the District of Columbia Circuit holding in United States v. Singleton, 182 F.3d 7 (D.C. Cir. 1999), that it is not.

A person who has been convicted of committing a felony (and not been pardoned) is no doubt more likely to make an illegal use of a firearm than a nonfelon, and the illegal use is likely to involve violence. Otherwise it would be a little difficult to see why being a felon in possession of a firearm is a crime. But is the risk substantial? And for all felonies other than those (just antitrust and related offenses) excepted from the reach of section 922(g)(1) by section 921(a)(20)(A)? We are pointed to no evidence that it is. Most felonies after all are not violent (it appears that the defendant's felony was a nonviolent drug offense), and ex-felons have the same motives as lawful possessors of firearms to possess a firearm--self-defense, hunting, gun collecting, and target practice. The courts have held, uniformly so far as our research has disclosed, that being a felon in possession is not a crime of violence, where "crime of violence" is defined identically or similarly to the definition of the term in section 3156(a)(4)(B). See Royce v. Hahn, 151 F.3d 116, 123-24 (3d Cir. 1998) (identical definition in statute requiring Bureau of Prisons to notify local law enforcement authorities of imminent release of certain prisoners); United States v. Flennory, 145 F.3d 1264, 1268 (11th Cir. 1998) (identical definition in statute punishing various firearm offenses); United States v. Canon, 993 F.2d 1439, 1441 (9th Cir. 1993) (ditto); United States v. Oliver, 20 F.3d 415, 418 (11th Cir. 1994) (per curiam) ("violent felony" defined for purposes of the same firearms statute as in Flennory and Canon as a felony that "involves conduct that presents a serious potential risk of physical injury to another"); United States v. Garcia-Cruz, 978 F.2d 537, 543 (9th Cir. 1992)

(ditto); United States v. Doe, 960 F.2d 221, 226 (1st Cir. 1992) (ditto). Cf. U.S.S.G. sec. 4B1.2(a)(2) and Application Note 1; Stinson v. United States, 508 U.S. 36, 47 (1993).

Some firearms, it is true--for example sawed-off shotguns--have no significant lawful use, and so their possession by felons may well constitute a crime of violence, as held in reference to the sentencing guidelines in United States v. Brazeau, 237 F.3d 842, 845 (7th Cir. 2001); United States v. Johnson, 246 F.3d 330, 335 (4th Cir. 2001); United States v. Jennings, 195 F.3d 795, 798-99 (5th Cir. 1999); United States v. Drapeau, 188 F.3d 987, 990 n. 4 (8th Cir. 1999); United States v. Allegree, 175 F.3d 648, 651 (8th Cir. 1999); United States v. Fortes, 141 F.3d 1, 8 (1st Cir. 1998); United States v. Huffhines, 967 F.2d 314, 321 (9th Cir. 1992). Our defendant is not accused of possessing such a weapon, however, and we remind that the Sentencing Commission's interpretations of its guidelines do not bind courts interpreting statutes even where the language is similar, see Neal v. United States, 516 U.S. 284, 294 (1996), as it is here, and that anyway even identical language can mean very different things in different statutes or regulations, depending on purpose and context.

But it can be argued that while most felonies (even after antitrust and related offenses are netted out) are nonviolent, most felons are dangerous when armed. The largest class of felons nowadays are dealers in illegal drugs, a violence-prone business. The Second Circuit in Dillard asked whether felons do a lot of violence with the weapons they possess illegally and answered "yes," leading to the conclusion that the risk of violence created by being a felon in possession of a firearm is substantial. But the statute asks whether there is a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and the offense is possession of a firearm. People who commit that offense may end up committing another, and violent, offense, such as robbing a bank at gunpoint, but that doesn't make the possession offense violent. Otherwise we would have to say that the offense of driving a car without

a license is a crime of violence because people who commit that offense are likely to drive when drunk, or to speed, or drive recklessly, or attempt to evade arrest. For that matter, the illegal sale of a gun, or perhaps of a knife or burglar tools, would on that analysis be a crime of violence. A crime that increases the likelihood of a crime of violence need not itself be a crime of violence. Bailey v. United States, 516 U.S. 137 (1995), is suggestive. The Supreme Court distinguished simple possession of a weapon from use in the sense of active use, limiting the statutory term "use" to the active variety. The active use of a gun is a crime of violence in a way that mere possession of it, even if criminal, is not. Dillard bespeaks a pre-Bailey understanding of possession and use as being essentially identical crimes.

Dillard made a distinct argument based on the provisions of the Bail Reform Act concerning bail pending trial, as distinct from pending appeal, the latter being the issue in this case. See 214 F.3d at 96-97. Dillard notes that classifying the felony of being a felon in possession of a gun as a crime of violence merely triggers a hearing into whether the defendant shall be detained pending trial. See 18 U.S.C. sec. 3142(f)(1)(A). If it turns out that he is just a hunter or gun collector or otherwise harmless possessor, presumably he will be released. In contrast, unless being a felon in possession is classified as a crime of violence, there will be no hearing and he will have to be released, because the Act, with limited exceptions, does not permit a defendant to be detained pending trial unless he is a flight risk or is being prosecuted for a crime of violence. sec.sec. 3142(f)(1), (2). But notice what Dillard does in making this distinction the pivot of its interpretation: it erases what is obviously a considered legislative decision to distinguish between bail pending trial and bail pending appeal. Once the defendant has been convicted, the likelihood of a miscarriage of justice is much less and so the conditions for release are much tighter. Had Congress wanted all potentially dangerous defendants denied bail pending trial, it would have drafted the Bail Reform Act differently. To interpret

"crime of violence" broadly in order to enable more defendants to be detained pending trial is to alter the legislative design.

The motion for release is denied without prejudice to the defendant's refiling it in the district court.