[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2005
THOMAS K. KAHN
CLERK

No. 04-16502
Non-Argument Calendar

D. C. Docket No. 04-00101-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

**(February 14, 2005)**

Before TJOFLAT, DUBINA and COX, Circuit Judges.

PER CURIAM:

In this interlocutory appeal pursuant to Federal Rule Appellate Procedure 9,

Cornelius Johnson challenges the district court's order requiring his detention under

18 U.S.C. § 3143 after having pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm by a felon. We expedited this appeal in order to address the issue before it becomes moot. Because we conclude that possession of a firearm by a felon is not a "crime of violence" within the meaning of 18 U.S.C. § 3156(a)(4), we vacate and remand.

## I.  BACKGROUND AND PROCEDURAL HISTORY

A grand jury sitting in the Southern District of Alabama charged Johnson in a one-count indictment with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Following his arraignment, Johnson was released with conditions pending trial. He then filed a plea document informing the court of his intent to enter a guilty plea. Johnson appeared in court, stipulated to all facts necessary to a conviction, and entered a guilty plea.

After the plea, the defendant asked to be released pending sentencing on the same conditions as his pretrial release. The district court, however, having concluded that the defendant's § 922(g)(1) conviction constituted a "crime of violence" requiring his detention upon conviction absent "unusual circumstances," ordered the defendant detained pending sentencing under 18 U.S.C. § 3143. Johnson filed a notice of interlocutory appeal. He remains incarcerated pending sentencing, which is scheduled for February 25, 2005.

## II.  CONTENTIONS OF THE PARTIES AND STANDARD OF REVIEW

Johnson contends that being a felon in possession of a firearm in violation of § 922(g)(1) is not a "crime of violence" within the meaning of 18 U.S.C. § 3156(a)(4), defining that term.  The Government contends, in response, that the inherent risk of harm involved whenever a convicted felon possesses a firearm requires its categorization as a "crime of violence." We review questions of statutory interpretation de novo.  *United States v. Trainor*, 376 F.3d 1325, 1330 (11th Cir. 2004).

## III.  DISCUSSION

The question before us is whether a violation of § 922(g)(1), which proscribes the possession of a firearm by a felon, constitutes a "crime of violence" within the meaning of § 3156(a)(4).  This is a question of first impression in this circuit.[1]

18 U.S.C. § 3143(a)(2), which deals with detention after conviction but before sentencing, provides as follows:

---

[1] *United States v. Flennory*, 145 F.3d 1264 (11th Cir. 1998) is not on point, and the comment in that opinion that possession of a firearm by a felon is not a "crime of violence" under 18 U.S.C. § 924(c)(3) for purposes of sentencing was dictum unnecessary to the decision in that case.  The decision in *United States v. Oliver*, 20 F.3d 415 (11th Cir. 1994), holding that possession of a firearm by a convicted felon was not a "violent felony" within the meaning of 18 U.S.C. § 924(e), is persuasive, but the statutory definition at issue was somewhat different.  In *United States v. Stinson*, 943 F.2d 1268 (11th Cir. 1991), we held that possession of a firearm by a felon was a "crime of violence" within the meaning of § 4B1.2 of the Sentencing Guidelines.  This opinion also has persuasive value, but is not controlling both because it is not directly on point and because the opinion was vacated after the commentary to the relevant Sentencing Guideline was amended.

The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –

> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a). Section 3142(f)(1), in turn, lists a "crime of violence" under subparagraph (A). 18 U.S.C. § 3142(f)(1). Section 3156(a)(4) defines the term "crime of violence" as follows:

> (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or
> (C) any felony under chapter 109A, 110, or 117 . . .

18 U.S.C. § 3156(a)(4).

The Government concedes that a violation of § 922(g)(1), which proscribes the *possession* of a firearm by a felon, does not entail any "use of force" as described in § 3156(a)(4)(A), nor does it arise under any specific subchapter listed in § 3156(a)(4)(C). Rather, the Government argues that a § 922(g)(1) charge "by its nature, involves a substantial risk that physical force against the person or property

4

of another may be used in the course of committing the offense," and thus meets the definition for a "crime of violence" under § 3156(a)(4)(B).

While the question before us is an issue of first impression in this circuit, at least three other circuits have addressed the question. In *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000), the Second Circuit held that the offense of being a convicted felon in possession of a firearm under § 922(g)(1) qualified as a "crime of violence" under § 3156(a)(4)(B). The court concluded that a felon in possession of a firearm inherently involved some risk of harm to the public.

> While it is possible to commit violent crimes without possession or use of a gun (by using knives, bludgeons, brute force, acids, poisons, etc.), guns are without doubt the most potent and efficient instrument for violent crime. For that reason, they are undoubtedly the instrument of choice among the vast majority of violent criminals.
> We think it undeniable that possession of a gun gives rise to *some* risk that the gun may be used in an act of violence. . . . Possession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence.

*Id*. at 93. The court also believed that such risk could be characterized as "substantial," though the meaning of the Act was "open to dispute." To resolve the issue, the court turned to the legislative history of the statute. The court believed that including felon in possession of a firearm as a "crime of violence" would further the objectives of the Act, and "had Congress explicitly focused on the issue it would have by far preferred the construction that subjects the felon illegally in possession to a

5

detention hearing . . . ." *Id*. at 97. The language of the Act, coupled with the court's reading of the legislative history, led the court to the conclusion that possession of a firearm by a felon qualified as a "crime of violence." *Id*. at 104.

A different conclusion was reached in *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999), which held that the plain meaning of the statute precluded a conclusion that possession of a firearm by a felon is an offense properly characterized as a crime of violence under the statute. In *Singleton*, the court concluded that § 3156(a)(4)(B) must be interpreted categorically, and that the word "nature" in that subsection referred to the nature of the legal charge rather than its factual predicate. *Id*. at 11. Furthermore, the court said any risk of violence must occur "in the course of committing the offense." *Id*. at 14. The *Singleton* court concluded that this was not simply a temporal limitation, but required a direct relationship between the offense and the risk of violence. The best example would be the crime of burglary. "The risk of violence in a burglary is not merely temporally coincident with the offense, but arises from the actions of the burglar in committing the crime itself, and the likely consequences that would ensue upon intervention of another person. This more precise relationship between charged conduct and future risk is necessary to satisfy § 3156(a)(4)(B)." *Id*.

With this conceptual framework in mind, the *Singleton* court went on to explain why any connection between possession of a firearm and a risk of violence is too attenuated to satisfy § 3156(a)(4)(B). Simple possession, even by a felon, can take many forms. Not only can a felon violate §922(g)(1) by carrying a firearm in a pocket, for example, but also by storing a firearm in a closet or automobile. *Id*. at 15. Furthermore, while many felons, in fact, are more likely than nonfelons to commit violent acts using a firearm, not all felons are potentially more violent than nonfelons. Felonies included under § 922(g)(1) encompass some nonviolent crimes such as embezzlement or fraud. Therefore, the *nature* of the felon-in-possession offense does not involve a substantial risk that physical force might be used in the course of its commission, and thus it could not categorically qualify as a "crime of violence." Additionally, interpreting § 3142(f)(1) to exclude felon-in-possession would not deprive the government of an opportunity to detain armed felons when circumstances warrant detention. *Id*. at 15.

The Seventh Circuit came to a similar conclusion in *United States v. Lane*, 252 F.3d 905 (7th Cir. 2001). Writing for the court, Judge Posner concluded that "[t]he active use of a gun is a crime of violence in a way that mere possession of it, even if criminal, is not." *Id*. at 907-08. And although most felons, as a class, may be more dangerous than nonfelons, "Most felonies after all are not violent . . . and ex-felons

7

have the same motives as lawful possessors of firearms to possess a firearm—self-defense, hunting, gun collecting, and target practice." *Id*. at 906. Thus, it could not be said that being a felon in possession, by its nature, created a substantial risk of violence.

Though not on point, the Supreme Court's recent opinion in *Leocal v. Ashcroft*, 125 S. Ct. 377 (2004), is instructive. In *Leocal*, the petitioner, a lawful permanent resident of the United States, was convicted of two counts of driving under the influence of alcohol ("DUI") and causing injury to another in violation of Florida law. While serving his prison sentence, the Immigration and Naturalization Service initiated removal proceeding against him under § 237(a) of the Immigration and Nationality Act. That section permits deportation of an alien convicted of an "aggravated felony." The Act defines "aggravated felony" as including "a crime of violence" as defined in 18 U.S.C. § 16. Subsection 16(b), in turn, provides the following definition of a "crime of violence": "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Court held that a DUI conviction under Florida Law did not meet the definition as set forth in §16(b).

§ 16(b) does not . . . encompass all negligent misconduct, such as the negligent operation of a vehicle. It simply covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense. *The reckless disregard in § 16 relates not to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime.* The classic example is burglary. A burglary would be covered under § 16(b) not because the offense can be committed in a generally reckless way or because someone may be injured, but because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime.

*Leocal*, 125 S. Ct. at 383 (emphasis added). Therefore, while driving under the influence created a risk of injury to others, it could not be characterized as a "crime of violence" because any such risk was not a natural outcome of an illegal use of force.

§ 16(b) plainly does not encompass all offenses which create a "substantial risk" that injury will result from a person's conduct. The "substantial risk" in § 16(b) relates to the use of force, not to the possible effect of a person's conduct. . . . The risk that an accident may occur when an individual drives while intoxicated is simply not the same thing as the risk that the individual may "use" physical force against another in committing the DUI offense.

*Id* at 383 n.7. The proper meaning of "crime of violence" thus identified a class of violent, active crimes and not DUI. *Id*.

The *Singleton* and *Lane* courts reached the correct result. The issue of whether §922(g)(1) is a "crime of violence" under § 3156(a)(4) is a categorical question, and

9

thus is not dependent upon the specific facts of the case. *See Singleton*, 182 F.3d at 11; *see also Leocal*, 125 S. Ct. at 381. As the *Singleton* and *Lane* courts pointed out, the crime of possession of a firearm is presented by numerous factual scenarios. While possession of a firearm under certain circumstances may, in fact, involve conduct that creates a substantial risk of violence, many factual scenarios do not present such a risk. *See Lane*, 252 F.3d at 906-07 ("[E]x-felons have the same motives as lawful possessors of firearms to possess a firearm – self-defense, hunting, gun collecting, and target practice," although "[s]ome firearms, it is true . . . have no significant lawful use, and so their possession by felons may well constitute a crime of violence . . . ."). Similarly, while many predicate felonies may increase the risk that a particular defendant is more prone to violence than the general population, the felons precluded from possessing a firearm under § 922(g) include persons convicted of nonviolent felonies such as fraud or embezzlement. *See Singleton*, 182 F.3d at 15. Therefore, the connection between any possible risk created and the simple possession of a firearm by a felon is simply too attenuated to meet the definition set forth in § 3156(a)(4)(B).

Leocal is instructive. The teaching of *Leocal* requires us to ask whether the offense of possession of a firearm by a felon categorically presents a substantial risk of violence. We conclude that the answer is "No." Although possession of a firearm

by a felon, like drunk driving, may in some cases involve *conduct* that creates a heightened risk of injury or violence, it cannot be said that the *offense* of simple possession of a firearm "naturally involve[s] a person acting in disregard of the risk that physical force might be used against another in committing an offense." *See id.* at 383. It is not an active crime, like burglary, which necessarily creates a substantial risk of violence. Thus, felon in possession of a firearm under § 922(g)(1) is simply not the sort of violent, active crime that may be properly characterized, categorically, as a "crime of violence."

## IV. CONCLUSION

Because we conclude that possession of a firearm by a felon is not a "crime of violence" for purposes of 18 U.S.C. § 3156(a)(4), the district court's order denying Johnson's motion for release pending sentencing is vacated, and the case is remanded with instructions that the district court reconsider the issue of release pending sentencing consistent with this opinion. The mandate shall issue immediately. *See* FED. R. APP. P. 41.

Appellant's "Motion for Release Pending Appeal," construed as a motion for release pending sentencing, is DENIED without prejudice to Appellant's right to renew the motion in district court.

11

ORDER VACATED, CASE REMANDED. THE MANDATE SHALL ISSUE IMMEDIATELY.