**UNITED STATES of America**

v.

**Robert Bolen TADLOCK**

**No. CRIM 3:05CR131WHBAGN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 10, 2005.

Giles Wood Bond, Jr., David H. Fulcher, U.S. Attorney's Office, Jackson, MS, for United States of America.

### SUPERSEDING OPINION AND ORDER [1]

BARBOUR, District Judge.

This cause is before the Court on Defendant Robert Bolen Tadlock's Motion for Revocation of Order of Detention Pending Trial (hereinafter "Motion for Revocation of Detention"). Having considered the Motion, the Response and the Rebuttal, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted under the conditions set forth below.

### I. Factual Background and Procedural History

■ On December 6, 2004, deputies from the Copiah County, Mississippi Sheriff's Department went to Tadlock's residence in response to a domestic dispute call from Tadlock's wife. Both Defendant Tadlock and Ms. Tadlock, who claimed that she had been abused by Defendant Tadlock, voluntarily gave the deputies permission to search the premises. During the search the deputies found three firearms, a New England Firearms 12 gauge shotgun, Model Pardner; a New England Firearms .410 gauge shotgun, Model Pardner; and a New England Firearms .243

caliber rifle, Model Handi–Rifle. The parties have stipulated that the reason Defendant Tadlock possessed the three firearms was to teach his son to hunt.[2] October 26 Hearing Transcript, pp. 3, 5. Nevertheless, as a person with four prior felony convictions, Defendant Tadlock was in violation of both state and federal law by possessing the three guns.[3]

Tadlock was arrested on December 6, 2004, and was subsequently indicted in state court on the charge of felon in possession of a firearm. He was released from state custody on bond. Thereafter, Tadlock voluntarily entered the Harbor House drug treatment facility and successfully completed the treatment program in February, 2005. Tadlock has been present at all required appearances in state court. This Court is of the understanding that the state court charge of felon in possession is still pending against Tadlock.

On August 24, 2005, Tadlock was indicted in *federal* court under the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was arrested on September 29, 2005, and was arraigned on that day as well. During the arraignment hearing, the government moved for detention. A detention hearing was set for the following day, September 30, 2005.

Magistrate Judge James C. Sumner presided over the detention hearing. Judge Sumner found that Tadlock should be detained until trial.[4] Although no written

---

1. This Opinion and Order supplants and supersedes an Opinion and Order rendered by the undersigned in this cause on November 3, 2005 (hereinafter "November 3 Opinion"), and filed with the Clerk of the Court on the same day under docket entry no. 20. The November 3 Opinion addressed the same issues and Motion that are addressed herewith. However, since the November 3 Opinion was filed, the Court has been provided with the transcript of a hearing which pertains to the subject Motion. A copy of the hearing transcript was filed with Clerk of the Court on November 8, 2005, under docket entry no. 22. This Superseding Opinion addresses and/or clarifies issues that were presented during the

hearing, but not addressed in the November 3 Opinion.

2. The Court takes judicial notice that the firearms found at Tadlock's residence are in fact the types of guns typically used for hunting in this area of the country.

3. The four prior felony convictions are felon in possession of a firearm (two convictions), burglary and possession of illegal drugs with intent to distribute.

4. The trial of this case was originally set to begin during the November 2005, trial calen-

order of detention was entered with the Clerk of the Court, a Minute Entry was entered on the docket which states "the Court found that this was a presumption case and the Defendant had not rebutted the presumption.[5] Defendant was remanded to the custody of the U.S. Marshal to await trial." Unnumbered Minute Entry dated September 30, 2005.

Aggrieved by Judge Sumner's ruling, Tadlock filed the subject Motion for Revocation of Detention on October 5, 2005. On October 26, 2005, the undersigned presided over a hearing pertaining to the Motion (hereinafter "October 26 hearing"). As described in footnote no. 1, *supra*, a transcript of the October 26 hearing is on file with the Clerk of the Court under docket entry no. 22. At the conclusion of the hearing, the Court took the matter under advisement, informing the parties that a written Opinion would follow. On November 3, 2005, the Court rendered an Opinion and Order which granted the Motion for Revocation of Detention. However, this Opinion and Order, which reaches the same ultimate conclusions found in the November 3 Opinion, supersedes that Opinion. *See supra*, footnote 1.

## II. Analysis

■ The Court is proceeding without the benefit of a transcript of the detention hearing held before Judge Sumner on September 30, 2005. However, this fact is of no consequence because "[w]hen the district court … acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir.1985); *United States v.*

dar. It was later continued to the February 2006, trial calendar.

**5.** Under § 3142(e), if certain conditions are met, "a rebuttable presumption arises that no

*Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992) (citing *Fortna*, 769 F.2d at 249). The Court will therefore proceed with deciding the detention issue based on the written arguments of the parties presented through the Motion, Response and Rebuttal, as well as the oral arguments asserted at the October 26 hearing.

As indicated above, the issue before the Court is whether Defendant Tadlock should remain in custody until his trial. Pretrial detention is governed by 18 U.S.C. § 3142, which is titled "Release or detention of a defendant pending trial." Section 3142(a) sets forth the general parameters for pretrial detention.

(a) In general.—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

(1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

(2) released on a condition or combination of conditions under subsection (c) of this section;

(3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or

(4) *detained under subsection (e) of this section.*

*Id.* (emphasis added).

At issue in this case is § 3142(a)(4), which allows for pretrial detention of a defendant if any of the conditions stated in § 3142(e) are met. Section 3142(e) states in part:

condition or combination of conditions will reasonably assure the safety of any other person and the community...."

If, *after a hearing pursuant to the provisions of subsection (f) of this section,* the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial.

(Emphasis added).

As indicated by the emphasized language of § 3142(e) above, the Court must look to § 3142(f) to determine the circumstances under which a pretrial detention hearing is warranted, and the parameters of such a hearing.

(f) Detention hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) *a crime of violence,* or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.); or

(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this para-

graph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that such person will flee; or

(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f) (emphasis added).

■ To summarize, § 3142(f) allows a federal court to conduct a detention hearing *only if* one of the six conditions set forth in subsections (f)(1)(A) through (f)(2)(B) is met. *United States v. Byrd,* 969 F.2d 106, 109 (5th Cir.1992) (citing *United States v. Ploof,* 851 F.2d 7, 9–10 (1st Cir.1988)) (holding that "3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such a hearing to the [six circumstances listed in (f)(1)(A), (f)(1)(B), (f)(1)(C), (f)(1)(D), (f)(2)(A) and (f)(2)(B) ]."). If none of these six conditions is met, then *a pretrial detention hearing may not be held,* and the defendant must be released pending trial under the conditions set forth in § 3142(a). *Byrd,* 969 F.2d at 109 (holding that "[a] hearing can be held only if one of the six circumstances listed in (f)(1) and (2) is present; detention can be ordered only after a hearing is held pursuant to § 3142(f).").

Tadlock argues that in this case, none of the six conditions set forth in subsections 3142(f)(1) and (f)(2) is met. Because none of the six conditions is met, Tadlock further contends that: (1) this Court had no authority under which to conduct a detention hearing; and (2) he must be released

prior to trial under the conditions set forth in § 3142(a).

■ The government argues that a detention hearing was justified because "the defendant is a danger to the community given his propensity of committing felonies, and especially possession of a firearm by a felon. . . ." October 26 Hearing Transcript, p. 4. This argument is without merit. "[A] defendant's threat to the safety of other persons or to the community, standing alone, will not justify pre-trial detention." *Byrd*, 969 F.2d at 110.

The government also *appears* to argue that a pretrial detention hearing was warranted because the charge against Tadlock of felon in possession of a firearm is a "crime of violence" under § 3142(f)(1)(A),[6] and that under the merits of the detention issue, Tadlock should remain in custody prior to trial.[7] Because the Court finds herewith that it lacked the authority to conduct a detention hearing under § 3142(f), the actual merits of the detention issue cannot be addressed.

■ The above trail of statutory recitations leads the Court to the primary issue that must be resolved, i.e., whether the crime of felon in possession of a firearm is a crime of violence in the context of

§ 3142(f)(1)(A). The issue has not been addressed by the United States Court of Appeals for the Fifth Circuit. This Court must therefore look to persuasive guidance from other jurisdictions.

Citing *United States v. Dillard*, 214 F.3d 88 (2d Cir.2000), the government argues that the crime of felon in possession should be considered a crime of violence. Arguing a contrary position, Tadlock cites *United States v. Lane*, 252 F.3d 905 (7th Cir. 2001). The Seventh Circuit in *Lane* considered and rejected the reasoning of the Second Circuit in *Dillard*, as follows:

[I]t can be argued that while most *felonies* (even after antitrust and related offenses are netted out) are nonviolent, most *felons* are dangerous when armed. The largest class of felons nowadays are dealers in illegal drugs, a violence-prone business. The Second Circuit in *Dillard* asked whether felons do a lot of violence with the weapons they possess illegally, and answered "yes," leading to the conclusion that the risk of violence created by being a felon in possession of a firearm is substantial. But the statute asks whether there is a "substantial risk that physical force against the person or property of another may be used *in the*

6. In its Response to the Motion for Revocation of Detention, the government also argues that a detention hearing was allowed under § 3142(f)(1)(D), because Tadlock has been convicted of two or more qualifying felonies. The Court finds that the government is barred from now making this argument. Regardless of whether the argument was asserted before Judge Sumner at the detention hearing, which the government contends, the argument is now waived because it was not raised at the October 26 *de novo* hearing before the undersigned.

7. The Court states that the government "appears" to make this argument because a review of the October 26 hearing transcript does not provide a clear picture of the government's position. *Compare* October 26 Hear-

ing Transcript, p. 2 (counsel for the government stating "I think I am out of step with my office with my opinion, but I don't think there's a presumption with respect to a felon in possession case."), *with* October 26 Hearing Transcript, p. 20 (counsel for the government stating "[w]e think [felon in possession] is a crime of violence for the purpose of entitling us to move for detention."). Nevertheless, during that hearing, arguments were presented on the issue of whether the crime of felon in possession is a "crime of violence" which gives rise to a rebuttable presumption that no conditions can assure the safety of any others under § 3142(e), and which allows a detention hearing under § 3142(f)(1)(A). Therefore, the issue of whether felon is possession constitutes a crime of violence in the subject context will be addressed herewith.

*course of committing the offense,"* and the offense is possession of a firearm. People who commit that offense may end up committing another, and violent, offense, such as robbing a bank at gunpoint, but that doesn't make the possession offense violent. Otherwise we would have to say that the offense of driving a car without a license is a crime of violence because people who commit that offense are likely to drive when drunk, or to speed, or drive recklessly, or attempt to evade arrest. For that matter, the illegal sale of a gun, or perhaps of a knife or burglar tools, would on that analysis be a crime of violence. A crime that increases the likelihood of a crime of violence need not itself be a crime of violence. *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), is suggestive. The Supreme Court distinguished simple possession of a weapon from use in the sense of active use, limiting the statutory term "use" to the active variety. The active use of a gun is a crime of violence in a way that mere possession of it, even if criminal, is not. *Dillard* bespeaks a pre-*Bailey* understanding of possession and use as being essentially identical crimes.

*Id.* at 907–08 (emphasis in original). The *Lane* court concluded by finding that the crime of felon in possession is not a crime of violence, at least when the firearm in question is a "legal" firearm. *Id.* (limiting its holding to "legal" firearms by holding that "[s]ome firearms, it is true—for example sawed-off shotguns—have no significant lawful use, and so their possession by felons may well constitute a crime of violence(4)27" (citations omitted)).

This Court is persuaded by the reasoning espoused in *Lane.* Accordingly, the Court finds that in the context of 18 U.S.C. § 3142(f)(1)(A), possession of a "legal firearm" [8] is not a "crime of violence." As the firearms possessed by Tadlock were clearly "legal firearms," Judge Sumner lacked the authority under subsections 3142(e) and (f)(1)(A) to conduct a detention hearing. These findings require Tadlock's release from custody prior to his trial, and the granting of Tadlock's Motion for Revocation of Detention under the conditions set forth below.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Order of Detention pertaining to Defendant Tadlock is hereby reversed.

IT IS FURTHER ORDERED that Tadlock's Motion for Revocation of Order of Detention Pending Trial (docket entry no. 7) is hereby granted. This case is remanded to Magistrate Judge James C. Sumner to determine what conditions of release, if any, should apply to Tadlock under 18 U.S.C. § 3142(a)(1) or (a)(2).

---

**8.** By "legal firearm" the Court means a firearm that *physically conforms* to the applicable laws of federal, state or local governments. For example, a sawed-off shotgun or a fully automatic weapon would fall outside of the purview of a "legal firearm" in the subject context because they do not physically conform to applicable laws.