

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-27-2005

# USA v. Bowers

Precedential or Non-Precedential: Precedential

Docket No. 05-4908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Bowers" (2005). *2005 Decisions.* Paper 6.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/6

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4908

———

UNITED STATES OF AMERICA

v.

RYSHEEN BOWERS,
                          *Appellant*

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 04-cr-00133)
District Judge: Honorable Joseph J. Farnan, Jr.

———

Submitted on Motion for Bail Pursuant to FRAP 9(a)
November 9, 2005

Before: RENDELL, AMBRO, and BECKER, *Circuit Judges*.

(Filed: December 27, 2005 )

COLM F. CONNOLLY
United States Attorney
SHANNON T. HANSON
Assistant United States Attorney
1007 Orange Street
Suite 700
Wilmington, DE 19899
          *Attorneys for Appellee*

PENNY MARSHALL
JONATHAN PIGNOLI
Office of Federal Public Defender
704 King Street
First Federal Plaza, Suite 110
Wilmington, DE 19801
      *Attorneys for Appellant*

_____

OPINION OF THE COURT
_____

BECKER, *Circuit Judge*.

     This appeal addresses the motion of defendant Rysheen Bowers to set aside the District Court's affirmance of the Magistrate Judge's order denying pretrial release. The District Court concluded that the Magistrate Judge did not err in holding a detention hearing or in ordering Bowers detained. The District Court's decision was predicated largely upon its conclusion that the crime with which Bowers was charged, felon in possession of a firearm, 18 U.S.C. § 922(g)(1), is a crime of violence within the meaning of 18 U.S.C. §§ 3142(g) and (f)(1)(A). Section 3142(f)(1)(A) requires a Court to hold a detention hearing upon motion by the government if the defendant is charged with a crime of violence. Section 3142(g) lists factors that a Court must consider in deciding whether to release a defendant pending trial, "including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1).

     Under 18 U.S.C. § 3156(a)(4), the term "crime of violence," for purposes of both Sections 3142(g) and 3142 (f)(1)(A), means:

> (A) an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another;
> (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

2

(C) any felony under chapter 109A, 110, or 117.

Subpart C does not apply here, and neither does subpart A, because the actual use of the firearm in the felon's possession is not an element of the violation of § 922(g)(1). *United States v. Singleton*, 182 F.3d 7, 10 (D.C. Cir. 1999). Thus, a felon in possession has committed a crime of violence only if the nature of that offense is such that there is a "substantial risk" that he will use "physical force" against another "in the course of" his possession of the weapon.

In accordance with the weight of authority of the four circuits that have decided the issue, and with our own opinion dealing with whether felon in possession of a firearm is a crime of violence under a nearly identical statute, we conclude that the crime of felon in possession is not a crime of violence within the meaning of § 3156(a)(4). We will therefore vacate the order of the District Court. However, we will remand for further proceedings so that the District Court may determine, in spite of our holding that felon in possession of a firearm is not a crime of violence, whether § 3142(f) requires a detention hearing and whether the § 3142(g) factors requires Bowers' detention.

## I. FACTS AND PROCEDURAL HISTORY

Bowers is currently charged in a one-count indictment alleging that he possessed a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The charge results from the discovery of a firearm during an administrative search of Bowers' home by Delaware police and probation officers. Bowers was on probation at the time of the administrative search.

On January 6, 2004, the Magistrate Judge held a detention hearing, and he issued a detention order on March 3, 2005. The District Court affirmed the Magistrate Judge's order on October 25, 2005. The District Court found that the detention hearing was justified under § 3142(f)(1)(A) because felon in possession of a firearm is a crime of violence and thus did not reach the government's contention that the detention hearing was justified because Bowers is a flight risk under § 3142(f)(2)(A). Relying heavily on the conclusion that felon in possession of a firearm is also a crime of violence under § 3142(g), the District Court further held that the Magistrate Judge had properly ordered Bowers

3

detained.

The District Court also considered several other factors that support detention under § 3142(g). First, there was strong evidence that Bowers is guilty of the current charge, because officers claim to have seen him throw a pistol out of a window in his home during the administrative search. Second, Bowers was on unsupervised state probation at the time of the alleged offense. Third, during both the administrative search and his later arrest, Bowers was "initially uncooperative," and law enforcement officers had to enter with force. Fourth, Bowers "has an extensive criminal history that includes a felony conviction for possession of cocaine with intent to distribute, and charges of resisting arrest, criminal impersonation, drug offenses, carrying a concealed deadly weapon, and assault." Finally, Bowers had allegedly failed to appear in state court, resulting in five capiases. Bowers disputes the significance of the capiases, because they contained a return stating that he "was not found guilty of nonappearance," and that there is no allegation that his bond status changed as a result of any of the capiases. In addition, there was no evidence that he had received actual notice in the applicable cases.

There was considerable countervailing evidence inveighing against detention, including Bowers' strong family and community ties, the fact that he had employment prospects, and the fact that he did not flee after he was released on bail for a closely related state charge.[1] In addition, it was argued that Bowers will not flee because the sentence he faces is not severe. Bowers submitted letters from employers stating that they would employ him on release and a number of letters from members of his family and community. Bowers' mother, who has Crohn's disease, testified that Bowers "has been coming over to the house every day checking on me, running errands for me." Bowers also has a young son.

## II. DISCUSSION

As an initial matter, we must determine whether §

---

[1]Bowers was initially charged for possession as a felon under Delaware law and was charged with the present federal offense after he was released on bail in Delaware state court.

3156(a)(4) requires us to classify offenses as violent or nonviolent on a categorical or a case-by-case basis. In other words, is an offense violent due to the generic offense charged or because of the facts underlying a particular case? We are persuaded by the reasoning of the D.C. Circuit that the word "offense" as used in § 3156(a)(4) "refers to a legal charge rather than its factual predicate." *United States v. Singleton*, 182 F.3d 7, 10 (D.C. Cir. 1999). As the D.C. Circuit noted, "[t]he weight of authority endorses a categorical approach." *See id.* at 10 & n.3 (collecting cases).

This conclusion is consistent with our jurisprudence, for we have applied the categorical approach to a statute that defines "crime of violence" in terms almost identical to those of § 3156(a)(4). *See Royce v. Hahn*, 151 F.3d 116, 124 (3d Cir. 1998). Thus, we consider whether a § 922(g)(1) offense is categorically a crime of violence, as opposed to whether Bowers' alleged conduct in this case was violent.

As noted above, four Courts of Appeals have considered whether felon in possession of a firearm,18 U.S.C. § 922(g)(1), is a "crime of violence" as that term is defined by 18 U.S.C. § 3156(a)(4). The District of Columbia, Seventh, and Eleventh Circuits have held that felon in possession of a firearm is not a crime of violence. *See United States v. Johnson*, 399 F.3d 1297 (11th Cir. 2005); *United States v. Lane*, 252 F.3d 905 (7th Cir. 2001); *Singleton*, 182 F.3d 7. One Court has disagreed. *See United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000). In view of the comprehensive opinions of the District of Columbia, Seventh and Eleventh Circuits, with which we agree, we need not reinvent the wheel. Rather, we draw upon the consistent views of these Courts in explicating our ratio decidendi. We distill the most persuasive reasons underlying the decisions of these Courts.

First, the plain language of § 3156(a)(4)(B) applies only to crimes that "involve[] a substantial risk" of violence. 18 U.S.C. § 3156(a)(4)(B). A substantial risk means "a direct relationship between the offense and a risk of violence." *Singleton*, 182 F.3d at 14. Establishing such a link between possession of a firearm to potential violence requires unwarranted "factual assumptions." *Id.* at 14. In contrast to crimes such as arson, possession of a firearm can occur in an array of non-violent circumstances, weakening the link between possession and violence:

"One can easily imagine a significant likelihood that physical harm will often accompany the very conduct that normally constitutes, say, burglary or arson. It is much harder, however, to imagine such a risk of physical harm often accompanying the conduct that normally constitutes firearm possession, for simple possession, even by a felon, takes place in a variety of ways (e.g., in a closet, in a storeroom, in a car, in a pocket) many, perhaps most, of which do not involve likely accompanying violence."

*Id.* at 14-15 (quoting *United States v. Doe*, 960 F.2d 21, 224-25 (1st Cir. 1992) (Breyer, C.J.)); *see also Lane*, 252 F.3d at 906 ("[E]x-felons have the same motives as lawful possessors of firearms to possess a firearm--self-defense, hunting, gun collecting, and target practice."); *Johnson*, 399 F.3d at 1300 ("Simple possession, even by a felon, can take many forms.").

The manner in which Bowers' firearm was discovered illustrates then-Chief Judge Breyer's observation in *Doe*. In the middle of the night, police and parole officers surprised Bowers in his home, and there is no suggestion that he was engaged in violent activity.

Second, and relatedly, the mere fact that the particular individual who possesses a firearm is a felon does not permit an inference that he will use the weapon violently. *Singleton*, 182 F.3d at 15. Felons are not necessarily prone to violence, for "[n]umerous felonies involve economic crimes or regulatory offenses which, while serious, do not entail a substantial risk of physical force." *Id.* It is true that "offenses relating to the regulation of business practices" do not qualify as predicate offenses under § 922(g)(1). 18 U.S.C. § 921(a)(20)(A); *see also Dillard*, 214 F.3d at 90. Still, many nonviolent crimes do not involve the regulation of business practices and thus constitute predicate felonies under § 922(g)(1). *See Lane*, 252 F.3d at 906 ("Most felonies after all are not violent . . . ."); *Johnson*, 399 F.3d at 1300 ("[N]ot all felons are potentially more violent than non-felons.").

Third, even assuming that most felons are "dangerous when armed" and that felon in possession of a firearm is "[a] crime that increases the likelihood of a crime of violence," that

does not mean that possession of a firearm is *itself* a crime of violence. *Lane*, 252 F.3d at 907. As the Seventh Circuit has explained, felons who possess firearms "may end up committing another, and violent, offense, such as robbing a bank at gunpoint, but that doesn't make the possession offense violent." *Id.*

Fourth, even if a § 922(g)(1) offense is not considered a crime of violence, the government can detain defendants in § 922(g)(1) cases in a range of circumstances. *Singleton*, 182 F.3d at 15. Specifically, the government is entitled to a detention hearing if a § 922(g)(1) defendant has two prior predicate felony convictions, or is likely to flee or obstruct justice. *Id.* at 15 (citing 18 U.S.C. §§ 3142(f)(1)(D), (f)(2)(A) & (f)(2)(B)); *see also Johnson*, 399 F.3d at 1300 ("[I]nterpreting § 3142(f)(1) to exclude felon-in-possession would not deprive the government of an opportunity to detain armed felons when circumstances warrant detention.") (citing *Singleton*, 182 F.3d at 15).

Finally, the Sentencing Commission has interpreted U.S.S.G. 4b1.2(a), a provision of the Sentencing Guidelines governing "crime[s] of violence," to exclude § 922(g)(1) offenses. U.S.S.G. 4b1.2 appl. note 1 ("'Crime of violence' does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a) [(listing particularly lethal types of firearms)]."); *Singleton*, 182 F.3d at 15-16. Section 3142(g) and U.S.S.G. 4b1.2(a) are analogous in that both require a Court to "parse violent from non-violent defendants." *Singleton*, 182 F.3d at 16. While the Sentencing Commission's Application Notes do not control judicial interpretation of § 3142(g), they do offer persuasive authority. *Id.* at 16. As we have stated, "interpretation of 'crime of violence' under the Sentencing Guidelines should bear upon the meaning of the term in other settings as well." *Royce v. Hahn*, 151 F.3d at 124.

Only one Court has held that a § 922(g)(1) offense is a crime of violence under § 3156(a)(4)(B). In *Dillard*, a divided panel of the Second Circuit rejected the D.C. Circuit's reasoning in *Singleton*. *See* 214 F.3d at 89. However, we find *Dillard*'s reasoning unpersuasive, and we therefore join the Seventh and Eleventh Circuits, both of which followed *Singleton* after considering and rejecting *Dillard*'s holding. *Lane*, 252 F.3d at 907; *Johnson*, 399 F.3d at 1299-1300.

7

*Dillard* relies largely on legislative history to conclude that felon in possession is "a felony and that, by its nature, involves a substantial risk" of violence under 18 U.S.C. § 3156(a)(4)(B). *Dillard*, 214 F.3d 94-96. We consider this foray into legislative history unnecessary, because the plain meaning of the statute is clear. *See United States v. Gonzales,* 520 U.S. 1, 6 (1997) ("Given the straightforward statutory command, there is no reason to resort to legislative history.") (citing *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992)).

"Substantial" is defined as "having a solid or firm foundation: soundly based: carrying weight." *Webster's Third New International Dictionary* 2280 (3d ed. 1966). As noted above, a felon may put a gun to any number of nonviolent uses, or a felon may own a gun but have no intention of using it at all. Thus, the risk that possession of a firearm by a felon will use a firearm violently is not "soundly based." On the contrary, we would describe the conclusion that the firearm will be used violently as speculative or hasty, which we consider to be antonyms of "soundly based." We agree with the Second Circuit that § 3156(a)(4)(B) "speaks to offenses that give rise to a possibility, rather than a certainty, that force may be used" and that "[f]orce need not be . . . inevitable." *Dillard*, 214 F.3d at 92. But the possibility of force must be "soundly based," not speculative.

At all events, the legislative history unearthed by the Second Circuit is unilluminating. The Bail Reform Act of 1984 gave District Courts the authority to detain dangerous defendants; unsurprisingly, its legislative history reveals that Congress was concerned with the dangers some defendants posed to community safety. *Dillard*, 214 F.3d at 95 (citing S.Rep. No. 98-225, at 5 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3188 (report of the Senate Judiciary Committee on the Bail Reform Act of 1984)). But this general concern is hardly specific enough to permit the inference that Congress viewed felon in possession of a firearm as a crime of violence.

*Dillard* also cites a statement by the sponsor of the predecessor to § 922(g)(1), but as the Supreme Court has stated, "ordinarily even the contemporaneous remarks of a single legislator who sponsors a bill are not controlling in analyzing legislative history." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 118 (1980). We also question the

8

Second Circuit's view that the legislative history of § 922(g)(1) sheds light on the meaning of "crime of violence" under 18 U.S.C. § 3156(a)(4). That, needless to say, is a separate statute with a separate legislative history.

Even if we were persuaded by the Second Circuit's reasoning, the opinion of this Court in *Royce v. Hahn*, 151 F.3d 116 (3d Cir. 1998), would prevent us from following it. In *Royce*, we held that § 922(g) is not a crime of violence under 18 U.S.C. § 4042(b), a statute that requires the Bureau of Prisons to notify local law enforcement authorities before releasing certain inmates. *Id.* at 117. For purposes of § 4042(b)(3)(B), "a crime of violence" is defined by 18 U.S.C. § 924(c)(3), which is virtually identical to § 3156(a)(4), the relevant provision in this case.[2] In fact, the operative language in § 924(c)(3)(B) is the verbatim equivalent of § 3156(a)(4)(B). Both provisions define "crime of violence" as an offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §§ 924(c)(3)(B) and 3156(a)(4)(B). In *Royce*, we surveyed other statutes that use the term "crime of violence," and we emphasized that "there is much to be said for attributing

---

[2] Section 924(c)(3) provides:

For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

9

the same meaning to the same or related words." *Id.* at 124 (citation omitted). In keeping with this sensible observation, we hold, consistent with *Royce*, that § 922(g)(1) does not describe a "crime of violence" under § 3156(a)(4).

Thus, we join the District of Columbia, Seventh, and Eleventh Circuits, and we reject the view of the Second Circuit. Felon in possession does not "involve[] a substantial risk" of violence, 18 U.S.C. § 3156(a)(4)(B), and there is not "a direct relationship between the offense and a risk of violence," *Singleton*, 182 F.3d at 14. This conclusion both reflects the majority view of our sister Circuits and flows naturally from our own jurisprudence. In short, we are unwilling to infer that a felon will use a gun violently merely because he owns it.

While we vacate the order of the District Court, we do not hold that Bowers must be released pending trial. Although we hold that Bowers is not charged with a crime of violence, § 3142(f) lists other grounds for holding a detention hearing, including a risk that the defendant will flee. Likewise, § 3142(g) lists a number of other factors that a District Court must consider in deciding whether to release a defendant. Thus, we remand the case for the District Court to determine, in spite of our holding that Bowers is not charged with a crime of violence, whether the detention hearing was required under § 3142(f), and whether detention is required under the § 3142(g) factors.