NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-2441 and 10-3402
_____

UNITED STATES OF AMERICA

v.

DEMETRIUS COPE,
                              Appellant
_____

Appeal from the United States District Court
For the District of New Jersey
(D.C. Number 08-cr-0048601)
District Judge: Honorable Joseph H. Rodriguez
_____

Submitted October 3, 2011

Before: McKEE, *Chief Judge*, FUENTES and GREENBERG, *Circuit Judges*

(Opinion Filed: November 18, 2011)
_____

OPINION
_____

MCKEE, *Chief Judge.*

        Demetrius Cope appeals the district court's judgment of sentence.  For the reasons

that follow, we will affirm.

**I.**

As we write primarily for the parties who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our brief discussion. On July 15, 2008 Demetrius Cope was charged in a one-count indictment with unlawful possession by a convicted felon of three seized firearms, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2. After extensive pretrial proceedings, the district court denied Cope's suppression motion and he thereafter pled guilty persuant to a agreement that contained the following appellate waiver:

> Demetrius Cope knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence below the Guidelines range that results from the total Guidelines offense level of 21. . . . [P]arties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.

During the sentencing hearing Cope argued that two offenses in the Presentence Report ("PSR") were part of a single continuing course of conduct and therefore should not have resulted in separate criminal history points. He also argued his sentence should be mitigated pursuant to 18 U.S.C. § 3553(a) because one of his previous parole violations resulted from a clerical error and his possession of the gun in question resulted from his efforts to keep it out of the hands of unsupervised minors.

The district court concluded the Guideline range was 77 to 96 months, but granted a variance based on the §3553(a) factors and imposed a sentence of 70 months.

In a subsequent motion to amend or correct his sentence, Cope presented new information that challenged statements in the PSR that he had twice violated the

2

conditions of his state parole sentences. At a resentencing hearing, the district court further reduced Cope's sentence and imposed a sentence of 60 months incarceration, required Cope to undergo mental health treatment and imposed a special condition to supervised release. This appeal followed.[1]

## II.

Cope argues the court should not have imposed mental health treatment as a condition of supervisory release, and that the court procedurally erred in presuming that the potential for violence increases when convicted felons possess guns. He also argues that two charges that are separated by an intervening arrest should only count as one charge when calculating criminal history points.

According to the Government, only his third argument falls outside the scope of his appellate waiver. We agree that Cope's first argument is clearly barred by the appellate waiver. Although, his second argument may also be barred, we will nevertheless address it. His third argument is clearly not barred.

## III.

We do not address issues on appeal that are clearly covered by a knowing and voluntary waiver unless enforcing the waiver would result in a miscarriage of justice. *United States v. Jackson*, 523 F.3d 234, 243-44 (3d Cir. 2008). The scope of "plea agreements although arising in the criminal context is analyzed under contract law standards." *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007). The waiver will therefore be construed against the Government when it drafts the agreement. *Id.* at 422.

---

[1] This court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

The validity of the waiver is reviewed de novo. *United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008). Absent a waiver, "we review for clear error the factual findings that underpin a district court's application of the Guidelines." *United States v. Hines*, 628 F.3d 101, 105 (3d Cir. 2010).

Cope's claim that the district court plainly erred by imposing a requirement of mental health treatment is clearly covered by his waiver. He tries to avoid the reach of the waiver by arguing that nothing in the plea agreement or the Rule 11 colloquy alerted him to the Government's position that he would not be able to appeal the imposition of mandatory mental health treatment. However, he does not claim that the waiver was not knowingly and intelligently entered into and the waiver provision set forth above clearly extends to this aspect of his sentence. "[T]he duration as well as the conditions of supervised release are components of a sentence." *United States v. Goodson* , 544 F.3d 529, 538 (3d Cir. 2008). Thus, the term "sentence" in Cope's appellate waiver includes both the incarceration and special condition of his supervised release. Moreover, enforcing this waiver does not amount to a "miscarriage of justice."

The Government argues that the waiver bars Cope's right to challenge the district court's alleged procedural error in sentencing him based on an impermissible presumption that firearms in the hands of convicted is likely to result in violence. Cope contends that his procedural challenge is outside the scope of the appellate waiver which bars only substantive challenges to the imposed sentence.

A fair reading of the appellate waiver suggests that the parties intended to preclude appeals regarding the length of the sentence but not the procedure by which it was

imposed. Nevertheless, even though this challenge was not waived, we believe it is meritless because the court did not clearly err.[2]

Cope challenges the presumption endemic in the court's statement that, "the availability of [a firearm] can certainly lead to a legitimate inference that circumstances surrounding potential violence would be indicated."

The Government contends the district court explained Cope's possession of a firearm created a legitimate *inference* of potential violence not a *presumption* that violence would occur. The Government also asserts that the inference of violence was reasonable because of Cope's violent criminal history. The Government claims that the court did not impermissibly conclude that a violation of 922(g) was a "crime of violence" because the court stated Cope's possession of a firearm created merely an "increased risk" of violence rather than a "substantial risk." We agree.

The district court made the comment while evaluating the 3553(a) factors. Specifically, the court analyzed "the nature and circumstances of the offense" and Cope's past criminal history. In doing so, it was certainly appropriate to consider the potential for future acts of violence evidenced by the circumstances of the current offense, and the defendant's criminal record. *See* 18 U.S.C. § 3661.

The sentencing court did not presume Cope's possession of a firearm was a crime of violence. In *United States v. Bowers,* we explained that crimes of violence are crimes

---

[2] The Government does not argue that the appellate waiver bars Cope's argument regarding the calculation of his criminal history points. The appellate waiver expressly permits appeals under 18 U.S.C. § 3742 "to appeal the sentencing court's determination of the criminal history category."

that involve a "substantial risk" of violence. 432 F.3d 518, 521 (3d Cir. 2005). A substantial risk is "a direct relationship between the offense and a risk of violence." *Id.* (quoting *United States v. Singleton*, 182 F.3d 7, 10 (D.C. Cir. 1999)). Mere possession of a firearm by a convicted felon does not permit an inference s/he will use the weapon. *Id.* at 521-22. Here, Cope constructively possessed a firearm in his residence. Given Cope's long history of violent felonies, the sentencing court's statement merely recognizes that there is an "increased risk" of violence when someone with Cope's criminal history possesses a firearm. That is not nearly as surprising or novel a conclusion as Cope suggests.

Finally, the court properly considered two of Cope's prior crimes as separate offenses in determining Cope's criminal history points because there was an intervening arrest. "Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." UNITED STATES SENTENCING GUIDELINES MANUAL § 4A1.2(a)(2) (2009). Previous offenses are not related simply because there were consolidated at sentencing. *United States v. Hallman*, 23 F.3d 821, 824-25 (3d Cir. 1994). Thus, Cope's attempt to avoid the consequences of his two arrests by arguing that the underlying criminal acts were committed within 5 weeks of each other and part of the same criminal investigation is meritless.

## VI.

For the reasons set forth above, the judgment will be affirmed.

6