[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13579
Non-Argument Calendar

_____

D. C. Docket No. 04-00100-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN DAVID WILLITS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 29, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant John David Willits ("Willits") appeals his 200-month sentences of

imprisonment, imposed after he pled guilty to: (1) one count of possession with

intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii); and (2) one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## I.

In his brief on appeal, Willits first asserts that his rights under the Fifth and Sixth Amendments and Fed. R. Crim. P. 11 were violated, because the record reflects that he did not understand the nature of the charges against him. Willits contends that the magistrate judge did not determine the existence of a factual basis for the interstate commerce element of the felon in possession charge, that Willits never admitted that the firearm and ammunition affected interstate commerce, and that the government did not proffer a factual basis for the commence element at the change-of-plea hearing. Thus, Willits asserts, his guilty plea was not knowingly and voluntarily entered, and his guilty plea should be vacated.

When, as here, an objection to a violation of Fed. R. Crim. P. 11 has not been raised in the district court, we review under the plain-error analysis. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). "Under plain-error review, the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects substantial rights. If all three conditions are met, [we] may then

2

exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal citations omitted).

Before accepting a guilty plea, a district court must comply with Fed. R. Crim. P. 11, and in particular, the court must address three core concerns underlying the rule: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000) (quotation omitted).

Specifically, Fed. R. Crim. P. 11(b)(1)(G) requires the district court to determine that a defendant understands "the nature of each charge to which the defendant is pleading" before accepting the defendant's guilty plea. Fed. R. Crim. P. 11(b)(1)(G). We have explained that "there is no one mechanical or precise juncture to which the district judge must conform in advising a defendant of the nature of the charges to which he is pleading guilty." *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999) (internal quotations omitted). We determine "on a case-by-case basis whether the district court adequately ensured that a defendant understood the nature of the charge." *United States v. James*, 210 F.3d 1342, 1344 (11th Cir. 2000). When a defendant faces simple charges, a reading of the

3

indictment, followed by an opportunity to ask questions, is adequate to show that a defendant was informed of the nature of the charges, but to ensure that a defendant understands more complex charges or concepts, the district court may elect to explain the elements of the offense. *Id.* at 1344-45 (internal quotations omitted).

Moreover, Rule 11 requires that a district court may accept a guilty plea, only if it determines "that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "'The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty.'" *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir.), *cert. denied*, 125 S. Ct. 2986 (2005) (quoting *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990)).

Section 922(g) provides, *inter alia*, that it is unlawful for a person who has been convicted of a felony in any court to possess a firearm "in or affecting [interstate] commerce." 18 U.S.C. § 922(g)(1). In order to convict a defendant for possession of a firearm by a convicted felon, in violation of § 922(g), the government must prove beyond a reasonable doubt: "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). The prosecution need not prove

4

that the defendant knew that his possession was unlawful. *Id.* at 1298. We have explained that the crime of possession of a firearm by a convicted felon is a crime that does not require any specific intent. *See United States v. Jones*, 143 F.3d 1417, 1419 (11th Cir. 1998).

First, to the extent Willits argues that the district court did not determine that there was a sufficient factual basis for the interstate commerce element to support his conviction, under Fed. R. Crim. P. 11(b)(3), we conclude from the record that his argument fails. The government alleged in its "Notice of Penalties, Elements, and Facts" that "[t]he Star firearm and PMC ammunition [Willits had possessed] were made outside the state of Florida," and, thus, Willits's offense satisfied the "in or affecting interstate commerce" element of § 922(g). Willits did not challenge the government's statement of facts prior to or during the change-of-plea hearing. Thus, the district court was presented with evidence from which it could reasonably find that the interstate nexus of the felon in possession offense was established.

Additionally, Willits's argument that his guilty plea was not knowing and voluntary because the district court did not establish that he understood the nature of the charges, and specifically the interstate commerce element, as required by Fed. R. Crim. P. 11(b)(1)(G), also fails. During the change-of-plea hearing, the

5

magistrate recited the charges against Willits as stated in the indictment, and Willits indicated that he had reviewed the indictment with counsel and he specifically stated that he understood the charges against him. The magistrate further informed Willits of the elements of each offense that the government would have to prove at trial, and Willits indicated that he understood these elements. In light of this exchange, the district court adequately informed Willits of the nature of the charges, and, thus, did not plainly err in accepting Willits's guilty plea. *See Jones*, 143 F.3d at 1419 (holding that the district court adequately informed the defendant of the charges he faced by identifying the charges, verifying that the defendant had discussed the charges with his attorney, and providing the defendant with an opportunity to ask questions); *cf. United States v. Telemaque*, 244 F.3d 1247, 1249 ( 11th Cir. 2001) (holding that the defendant was not adequately informed of the charges where the district court referred to the offense only once during the colloquy, did not detail the elements of the offense, and did not verify that the defendant's counsel reviewed the charges with him). Accordingly, because we conclude from the record that the district court satisfied the core concerns of Fed. R. Crim. P. 11 and properly determined that there was a sufficient factual basis to support the guilty plea, we affirm Willits's convictions.

## II.

Willits next argues that his prior convictions did not qualify as violent felonies for purposes of the armed career criminal enhancement. He notes that the district court concluded that he had six predicate offenses, all offenses involving "conduct that presents a serious potential risk of physical injury to another" under 18 U.S.C. § 924(e)(1)(B)(ii) – a first degree felony burglary conviction, three third degree felony burglary convictions, and two third degree felony trespassing with a firearm convictions.

"[We review] the district court's application of the sentencing guidelines *de novo* and its findings of facts for clear error." *United States v. Grant*, 397 F.3d 1330, 1332 (11th Cir. 2005). We also review *de novo* whether a particular offense constitutes a violent felony under 18 U.S.C. § 924(e). *United States v. Wilkerson*, 286 F.3d 1324, 1325 (11th Cir. 2002).

Under 18 U.S.C. § 924(e), a defendant is an armed career criminal if he has three previous convictions for, inter alia, violent felonies. Burglary qualifies as a violent felony. 18 U.S.C. § 924(e)(1), 2(B)(ii); *see also United States v. Johnson*, 399 F.3d 1297, 1302 (11th Cir. 2005) (stating that burglary is a crime of violence under U.S.S.G. § 4B1.1). Here, the indictment alleged that Willits had more than three burglary convictions. Relying on the description of these offenses set forth in

the indictment and Willits's admission of these offenses during his plea colloquy [R. Vol. 2, Tr. 21.], we conclude that the district court did not err in determining that Willits had sufficient predicate offenses to justify the imposition of the armed career criminal enhancement.

## III.

Finally, Willits argues that he did not admit the existence of all of his prior convictions, nor did he admit that the convictions constituted violent felonies for purposes of the armed career criminal enhancement. Moreover, he contends, these convictions were not proven to a jury beyond a reasonable doubt. Thus, he argues, his prior convictions should not be used to compute his sentence, as sentencing him on the basis of these prior convictions would violate his Sixth Amendment rights.

Because Willits preserved his constitutional claim by raising it in the district court, we review his sentence *de novo*, but will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of

enhancing a sentence. In *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000), the Supreme Court pronounced that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court revisited the *Apprendi* rule in *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004), and the Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."

In *Booker*, the Supreme Court held that the mandatory nature of the Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The Court explicitly reaffirmed its rationale in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 244, 125 S. Ct. at 756. After *Booker*, we held that *Almendarez-Torres* "was left undisturbed by *Apprendi*, *Blakely*, and *Booker*," and that "a district court does not err by relying on prior convictions to enhance a

9

defendant's sentence." *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).

Recently in *Shepard v. United States*, a plurality of the Supreme Court explained that a dispute over whether a burglary was a violent felony for purposes of the Act because it was committed in a building or enclosed space could be "described as a fact about a prior conviction." 544 U.S. 13, __, 125 S. Ct. 1254, 1262-63, 161 L. Ed. 2d 205 (2005). Nevertheless, the plurality noted that the determination was "too far removed from the conclusive significance of a prior judicial record, and too much like the findings subject to *Jones [v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999)] and *Apprendi*, to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute." *Id.* After *Shepard*, we noted that *Almendarez-Torres* must be followed because, while *Shepard* "may arguably cast doubt on the future prospects of *Almendarez-Torres*'s holding regarding prior convictions, the Supreme Court has not explicitly overruled *Almendarez-Torres*." *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1316 n.3 (11th Cir. 2005). In another case, we noted that *Shepard* does not alter the understanding that "because the prior-conviction exception remains undisturbed after *Booker*, a district court does not err by relying on prior convictions to enhance a defendant's sentence." *United States v. Orduno-Mireles*,

10

405 F.3d 960, 962 & n.3 (11th Cir.), *cert. denied*, 126 S. Ct. 223 (2005).

We conclude from the record that the imposition of the armed career criminal enhancement under § 4B1.4, did not implicate the *Apprendi/Blakely/Booker* line of cases, as those cases clearly exempt prior convictions from the types of facts that must be admitted by the defendant or proved to a jury beyond a reasonable doubt in order to support a sentencing enhancement. Moreover, until the Supreme Court holds otherwise, *Almendarez-Torres* remains the law. *See e.g.*, *Orduno-Mireles*, 405 F.3d at 963. Because, pursuant to *Almendarez-Torres*, a district court does not violate the Sixth Amendment when it enhances a defendant's sentence based on prior convictions, the district court committed no error by doing so.

For the above-stated reasons, we affirm Willits's convictions and sentences.

**AFFIRMED.**