[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 24, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11157
Non-Argument Calendar

_____

D. C. Docket No. 08-20964-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISABEL TEPALE DE LA ROSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2009)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Isabel Tepale De La Rosa ("De La Rosa") appeals following his conviction on multiple counts, including one for aggravated identity theft.[1] He argues that the government failed to establish all the elements necessary to convict him of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) (Count 3), because it provided no evidence that he knew the identification he used belonged to another person. Pursuant to the proof of knowledge requirement set forth in Flores-Figueroa v. United States, 556 U.S. ___, ___, 129 S. Ct. 1886, 1894 (2009), we VACATE and REMAND with instructions.

## I. BACKGROUND

Following his indictment on four counts in October 2008, De La Rosa waived his right to a jury trial and consented to a bench trial. At trial, the parties introduced a joint stipulation in which De La Rosa conceded his guilt to three counts, and asserted that he was only contesting the aggravated identity theft charge in Count 3. R1-26, Exh. 1 at 3; R2 at 4-9, 11.

According to the stipulation, De La Rosa submitted a passport application in July 2008, stating that his name was "Jose Oscar Reyes Alicea" and that he was

---

[1] On appeal, he does not challenge his convictions for making a false statement in an application for a passport (Count 1); falsely representing himself as a citizen of the United States (Count 2); or making a false statement of material fact regarding a matter within the jurisdiction of the United States Department of State (Count 4). Because a defendant abandons an issue by not arguing it on appeal, United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998), De La Rosa has abandoned any challenges to Counts 1, 2, or 4.

born in Puerto Rico and providing a certified copy of a Puerto Rican birth certificate in Alicea's name. R1-26, Exh. 1 at 2; R2 at 5-6. Agents discovered that an individual with the same identity as Alicea was living in Puerto Rico with a criminal record. The Puerto Rican Alicea's booking photos did not resemble the photos submitted with the passport application, but the Puerto Rican birth certificate was authenticated, and the name, birth date, place of birth, and social security number provided on the passport application matched the Department of Corrections' information for Alicea.

De La Rosa was interviewed by law enforcement officers and admitted that he was not Alicea but that his true name was Isabel Tepale De La Rosa and that he was born in Mexico. A search of De La Rosa's residence revealed a Mexican voter registration card in De La Tora's name.

After the stipulation was read into the record, De La Rosa moved for a judgment of acquittal, arguing that the government was required to prove that he knew that the identification that he used belonged to another person. R1-21; R2 at 9-10. He acknowledged that his argument was foreclosed by United States v. Hurtado, 508 F.3d 603, 606-07 (11th Cir. 2007) (per curiam), but noted that a similar issue was pending before the United States Supreme Court.

Relying on Hurtado, the district court found that the government did not

3

need to show knowledge on De La Rosa's part that the misused identity belonged to another person, and found De La Rosa guilty on all counts. The district court then sentenced De La Rosa to one month of imprisonment as to counts 1, 2, and 4, to be served consecutively to twenty-four months of imprisonment as to Count 3, and twenty-four months of supervised release. De La Rosa timely appealed.

## II.  DISCUSSION

On appeal, De La Rosa argues that the stipulated facts at trial failed to establish that he knew the identification that he used belonged to another person. The government concedes that, following Flores-Figueroa, it is required to prove that a defendant knew that the means of identification that he used belonged to another person, but contends that the district court's failure to apply the Flores-Figueroa standard was harmless because no fact-finder could find that De La Rosa did not have the requisite knowledge.

We review questions of statutory interpretation and challenges to the sufficiency of the evidence de novo. See United States v. Johnson, 399 F.3d 1297, 1298 (11th Cir. 2005) (per curiam) (statutory interpretation); United States v. Martinez, 83 F.3d 371, 373-74 (11th Cir. 1996) (sufficiency challenge). We may "depart from a prior panel decision based upon an intervening Supreme Court decision only if that decision actually overruled or conflicted with it." United

4

States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004) (quotation marks and citation omitted).  Finally, when a "[m]ultiple count conviction . . . sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior . . . is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be remanded for sentencing."  See United States v. Rosen, 764 F.2d 763, 767 (11th Cir. 1985) (per curiam).

Evidence is sufficient to sustain a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Mintmire, 507 F.3d 1273, 1289 (11th Cir. 2007) (quotation marks, emphasis and citation omitted).  We "view[] the evidence in the light most favorable to the Government and . . . draw[] all reasonable inferences and credibility assessments in the Government's favor."  Id.  We will uphold a conviction unless the fact-finder  "could not have found the defendant guilty under any reasonable construction of the evidence."  United States v. Chastain, 198 F.3d 1338, 1351 (11th Cir. 1999).

In Hurtado, we held that, to "support a conviction under § 1028A(a)(1), the government must prove that the defendant: (1) knowingly transferred, possessed, or used; (2) the means of identification of another person; (3) without lawful authority; (4) during and in relation to a felony enumerated in § 1028A(c)." 508

5

F.3d at 606-07 (footnote omitted). We specifically concluded that the government did not need to prove that the defendant "knew that the means of identification that he possessed and used belonged to another actual person." Id. at 610. In Flores-Figueroa,, however, the Supreme Court held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." 556 U.S. at ___, 129 S. Ct. at 1894. In reaching this decision, the Supreme Court expressly identified Hurtado as one of the cases it was overruling. Id. at ___, ___, 129 S. Ct. at 1890, 1894.

Because the district court adjudicated De La Rosa guilty of Count 3 based on Hurtado, it misapplied the law in this respect. This error cannot be disregarded as harmless because, even viewed in the light most favorable to the government, the evidence at trial provided no basis to find that De La Rosa knew the identification he used belonged to another person. At best, it showed that De La Rosa had what purported to be an authentic certified copy of a birth certificate. There was not, however, any evidence regarding how De La Rosa obtained the copy or whether he knew that it was real and not a forgery. He could not, therefore, have been found guilty under any reasonable construction of the evidence.[2]

---

[2] To the extent that De La Rosa's knowledge can be inferred because he sought to obtain a benefit by using Alicea's name, De La Rosa's use of the copy of the birth certificate is similar to the category of cases the Supreme Court suggested indicate that the "defendant did not care whether the papers (1) were real papers belonging to another person or (2) were simply

6

## III. CONCLUSION

Because the district court erred in adjudicating De La Rosa guilty of Count 3 based on an erroneous view of the law, we **VACATE** De La Rosa's conviction on Count 3 and his total sentence, and **REMAND** for the charge to be dismissed and for the district court to resentence him on the remaining counts.

**VACATED AND REMANDED.**

---

counterfeit papers" and, as such, difficult to prove the necessary knowledge beyond a reasonable doubt. Flores-Figueroa, 556 U.S. at ___, 129 S. Ct. at 1893. See also United States v. Gomez, ___ F.3d ___, ___ , 2009 WL 2633039 at 4-5 (11th Cir. Aug. 28, 2009) (vacating and remanding where the jury could have found that the government failed to prove that the identification documents belonged to a real person).