PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 06-5091 |
| DUSTIN LEROY INGLE, | |
| Defendant-Appellant. | |

**ORDER**

Filed July 18, 2006

Before **MURPHY**, **EBEL**, and **McCONNELL**, Circuit Judges.

On the Court's own motion, the Order and Judgment filed July 5, 2006, will be published. The published opinion, filed nunc pro tunc to July 5, is attached.

Entered for the Court
Elisabeth A. Shumaker, Clerk

By:
            Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 06-5091

DUSTIN LEROY INGLE,

Defendant-Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 05-CR-119-EA)**

Submitted on the briefs:[*]

Paul D. Brunton, Federal Public Defender, Julia L. O'Connell, Assistant Federal Public Defender, Office of the Federal Public Defender, Tulsa, Oklahoma, for Defendant-Appellant.

David E. O'Meilia, United States Attorney, Northern District of Oklahoma, Timothy L. Faerber, Assistant United States Attorney, Northern District of Oklahoma, and Richard A. Friedman, Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C., for Plaintiff-Appellee.

Before **MURPHY**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**MURPHY**, Circuit Judge.

## I.     Introduction

When appellant Dustin Leroy Ingle entered a plea of guilty to the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court determined he must be detained pending sentencing. According to the district court, the offense is a "crime of violence" as the term is used in the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-56, and Mr. Ingle's detention pending sentencing was mandatory under § 3143(a)(2).

Mr. Ingle challenges the district court's detention order in this appeal pursuant to Rule 9 of the Federal Rules of Appellate Procedure. Upon consideration of the parties' briefs and submissions, we conclude that a violation of § 922(g)(1) is not a crime of violence under the statutory definition. We therefore reverse the district court's order and remand for further proceedings consistent with this opinion.

## II.     Background

A grand jury charged Mr. Ingle with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). The indictment alleged that Mr. Ingle previously had been convicted of an Oklahoma felony offense of unlawful possession of a controlled drug. After his initial appearance before the

magistrate judge on March 6, 2006, he was released on an unsecured $10,000 bond under the supervision of the United States Probation Office.

Mr. Ingle entered a plea of guilty to the charge, without a plea agreement, on April 7, 2006.[1] At his plea hearing, the district court determined that "based on [its] analysis of section 3143(a)(2), [Mr. Ingle] must be detained immediately." Aplt. App. at 72. Defense counsel made a brief argument against the district court's determination, *id.* at 71; government counsel did not comment on the issue, *id.* at 71-73. The court indicated its desire for an appeal of the ruling to this court because it "would like nothing more than guidance on this issue." *Id.* The court denied Mr. Ingle's later request for a stay of the detention order. Mr. Ingle appealed the district court's order.

## III. Analysis

Mr. Ingle's appeal presents a single legal question: whether the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), is a "crime of violence" as that term is defined in 18 U.S.C. § 3156(a)(4)(B) of the Bail Reform Act ("the Act"). "This is a question of the construction and applicability of a federal statute that we review de novo." *United States v. Rogers*, 371 F.3d 1225, 1227 (10th Cir. 2004) (quotation omitted).

---

[1] The government's brief states that Mr. Ingle pleaded guilty pursuant to a plea agreement. Aplee. Br. at 3. This statement is contrary to Mr. Ingle's Petition to Enter Plea of Guilty, Aplt. App. at 14, and his affirmations during the plea hearing, *id.* at 50-51.

**A.    Consequences under the Bail Reform Act**

Our decision has significant consequences under the provisions of the Act for 18 U.S.C. § 922(g)(1) defendants at different stages of the criminal justice process: awaiting trial, pending sentencing, and pending appeal. The Act contemplates varying levels of scrutiny for defendants as they proceed through the court system. *See United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) (contrasting pretrial releasees with convicted persons awaiting sentence, and noting that the latter are "no longer entitled to a presumption of innocence or presumptively entitled to [their] freedom"). Nevertheless, a defendant charged with a crime of violence must meet a heightened standard at each level.

Generally, the Act allows the detention of a defendant "pending trial only if a judicial officer finds 'that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (quoting 18 U.S.C. § 3142(e)). When a crime of violence is involved, however, a judicial officer must hold a hearing on motion of the government to determine if any conditions would permit the safe release of the charged defendant. § 3142(f)(1)(A).

Pending sentencing, the presumption is that a defendant will be detained. Most defendants, however, may be released upon a showing "by clear and convincing evidence that the person is not likely to flee or pose a danger to the

safety of any other person or the community." 18 U.S.C. § 3143(a)(1). In contrast, a defendant who has been found guilty of a crime of violence and who is awaiting imposition or execution of sentence is to be "detained unless . . . there is a substantial likelihood that a motion for acquittal or new trial will be granted; or . . . an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person," and there is "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." § 3143(a)(2).

Pending appeal, bail for most defendants must "be denied unless the court finds that the appeal 'raises a substantial question of law or fact likely to result in reversal or an order for a new trial.'" *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985) (quoting 18 U.S.C. § 3143(b)(2)). The provision applicable to a defendant found guilty of a crime of violence and sentenced to a term of imprisonment states simply "[t]he judicial officer shall order that [the defendant] . . . be detained." § 3143(b)(2).

## B.    Classification of § 922(g)(1)

Our prior case law has narrowed our task of deciding the appropriate classification of 18 U.S.C. § 922(g)(1); it has set out the proper analytic framework and resolved several essential issues. Section 922(g)(1) makes it unlawful for a person previously convicted of a felony to possess a firearm or ammunition. *See United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004).

-5-

This offense is a crime of violence for purposes of the Act if it is an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B).[2] We use a categorical approach to identify a crime of violence. *Rogers*, 371 F.3d at 1228 n.5. In other words, the court does not consider the "particular circumstances surrounding" the defendant's alleged violation. *Id.* The court looks at the "generic" offense, "not the underlying circumstances." *Id.* (quotation omitted). Thus, the question is whether the felon-in-possession offense, as a whole, should be considered a crime of violence.

Under 18 U.S.C. § 3156(a)(4)(B), the elements of a "crime of violence" are:

(i) The offense must be a *felony*;

(ii) the offense must involve a risk that physical force may be used against the person or property of another;

(iii) that risk must result from the nature of the offense;

(iv) the risk must be that the use of physical force would occur in the course of the offense; and

---

[2]    The definition of "crime of violence" in 18 U.S.C. § 3156(a)(4) includes two other types of offenses: an "offense that has as an element . . . the use, attempted use, or threatened use of physical force against the person or property of another," *see* § 3156(a)(4)(A); and a sexual exploitation offense falling within three specified chapters of Title 18, United States Code, § 3156(a)(4)(C). Because an unlawful possession of a firearm does not fit within these definitions, *see* § 3156(a)(4)(B), there is no need to discuss them. *See Rogers*, 371 F.3d at 1228.

(v) the risk must be substantial.

*Id*. at n.4 (quotation omitted). The existence of three of elements is incontestible. Unquestionably, the offense is a felony. *See* 18 U.S.C. § 3156(a)(3) (defining "felony" as an offense punishable by a maximum term of imprisonment of more than one year); *id*. § 924(a)(2) (providing for imprisonment of up to ten years for a violation of § 922(g)). Also, a felon in possession of a gun presents *some* risk of physical force being used against another. *See Rogers*, 371 F.3d at 1229; *see also United States v. Lane*, 252 F.3d 905, 906 (7th Cir. 2001) ("A person who has been convicted of committing a felony . . . is no doubt more likely to make an illegal use of a firearm than a nonfelon, and the illegal use is likely to involve violence. Otherwise it would be a little difficult to see why being a felon in possession of a firearm is a crime."); *United States v. Dillard*, 214 F.3d 88, 93 (2d Cir. 2000) (possession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence). Moreover, we have previously recognized that "[if] one uses a gun in an act of violence, that violence necessarily occurs during the possession of the gun." *Rogers*, 371 F.3d at 1230 (quotation omitted). Thus, a "risk of physical force created by the [illegal] possession of a firearm . . . occurs in 'the course of committing' the weapon-offense." *Id.*

Accordingly, we need to consider only two elements: whether the risk results from the categorical nature of the offense and whether the risk is substantial. This court has not reached these two questions in the context of a

-7-

§ 922(g)(1) offense. In *Rogers*, we decided that possession of a firearm while subject to a protection order and possession of a firearm following misdemeanor conviction of domestic violence are "crimes of violence" for purposes of the Bail Reform Act. *Id.* at 1230. But we explicitly limited our discussion to the offenses before us in that case and declined to resolve the issues in relation to possession of a firearm by a convicted felon. *Id.* "This differing context is key." *Id.* at 1229.

Nevertheless, we have ample guidance on the issues. Many other circuit courts have provided thoughtful discussions on the nature of the felon-in-possession offense and the substantiality of the risk. The majority of these courts have determined that a § 922(g)(1) offense does not satisfy these elements. *See United States v. Bowers*, 432 F.3d 518, 524 (3d Cir. 2005); *United States v. Johnson*, 399 F.3d 1297, 1302 (11th Cir. 2005) (per curiam); *United States v. Twine*, 344 F.3d 987, 987-88 (9th Cir. 2003) (per curiam); *Lane*, 252 F.3d at 906-08; *United States v. Singleton*, 182 F.3d 7, 16 (D.C. Cir. 1999). *See also United States v. Hardon*, No. 98-1625, 1998 WL 320945, at *1 (6th Cir. June 4, 1998) (unpublished). The Second Circuit has held to the contrary. *See Dillard*, 214 F.3d at 104. We are persuaded by the rationale of the majority position.

Concerning the categorical nature of the crime, it is apparent that § 922(g)(1) offenses present "numerous factual scenarios." *Johnson*, 399 F.3d at 1301. The offense applies to persons with greatly diverse propensities and previously convicted of a wide range of conduct. "[N]ot all felons are potentially

-8-

more violent than non-felons.  Numerous felonies involve economic crimes or regulatory offenses which, while serious, do not entail a substantial risk of physical force." *Singleton*, 182 F.3d at 15.  "[A]nd ex-felons have the same motives as lawful possessors of firearms to possess a firearm–self-defense, hunting, gun collecting, and target practice." *Lane*, 252 F.3d at 906.  Accordingly, we conclude that a felon-in-possession offense under § 922(g)(1) is not inherently a crime of violence.

> For coinciding reasons, we also decide that
>
> the mere possession of a firearm by a convicted felon does not create a substantial risk that physical force will be used against the property or person of another. . . . [L]arge numbers of felonies involve economic, regulatory, or other crimes that do not entail physical violence at all.  Thus . . . although there might be *some* increased chance of violence flowing from the possession of a weapon by a felon, that risk could simply not be classified as *substantial*.

*Rogers*, 371 F.3d at 1229 (citations omitted) (explaining the reasoning of the *Singleton* and *Lane* decisions).

We acknowledge the frustration of the district court in its comment that "[t]he broad coverage of 18 U.S.C. § 922(g)(1)–including both violent and non-violent felons–probably makes the most correct answer to the question of whether commission of the offense constitutes a crime of violence not 'yes' or 'no,' but 'sometimes.'" *United States v. Green*, 414 F. Supp. 2d 1029, 1035 (N.D. Okla. 2006) (referenced in the court's ruling in the instant case).  Yet under the structure of the Bail Reform Act and established case law, "either

felon-in-possession is a crime of violence or it is not."  Nicole J. Bredefeld, Note, *The Bail Reform Act of 1984 and Felons who Possess Weapons: Discrepancy Among the Federal Courts*, 26 Seton Hall Legis. J. 215, 233 (2001) (quotation omitted).

We hold that a § 922(g)(1) offense is not a crime of violence for purposes of the Act because the nature of the offense does not involve a substantial risk of physical force used against the person or property of another.  As applied to Mr. Ingle, this means that he is eligible for bail pending sentencing if a judicial officer concludes there is clear and convincing evidence that he "is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1).

**IV.  Conclusion**

Having rejected the premise of the district court's order, this court REVERSES the decision of the district court and REMANDS the matter to the district court for further proceedings consistent with this opinion.