**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ANTONIO COS,

Defendant-Appellant.

No. 06-2244
(D.C. No. CR-05-1619 JB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Jose Antonio Cos appeals the district court's order of continued detention

pending appeal by the government of the court's order granting defendant's

motion to suppress. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C.

§ 3145(c). We affirm the district court's decision to detain Mr. Cos pending

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal. We remand on the limited question of whether the length of Mr. Cos'
pretrial detention implicates due process concerns.

I

The federal charges in this case arose out of an arrest warrant for Mr. Cos
that the Albuquerque Police Department was executing at his residence. The
warrant was based on charges for domestic violence, kidnaping and aggravated
assault with intent to commit a violent felony on a household member. When the
officers arrived at Mr. Cos' apartment to execute the warrant, one of Mr. Cos'
former girlfriends, Feather Ricker, opened the door. She did not live in the
apartment or have a key to the apartment. She was at the apartment with her three
children to use the apartment pool. She told the officers that Mr. Cos was not at
home and they asked if they could look for Mr. Cos in the apartment. Ms. Ricker
indicated that they could do so.

During the course of their search for Mr. Cos, the officers found a loaded
handgun under a bed. The officers learned that Mr. Cos had prior felony
convictions and thus did not have the right to possess the firearm. The officers
arrested Mr. Cos when he arrived at the apartment.

A complaint was filed in the United States District Court for the District of
New Mexico charging Mr. Cos with being a felon in possession of a firearm in
violation of 18 U.S.C. § 922(g)(1). The government moved for Mr. Cos'
detention pending trial on the grounds that he was a flight risk and a danger to the

community. The magistrate judge agreed with the government and ordered Mr. Cos detained pending trial. Mr. Cos has been detained since June 29, 2005.

Trial was originally scheduled for September 12, 2005. Mr. Cos moved for a continuance and it was granted. Mr. Cos then filed a motion to suppress the fruits of the officers' entry into and search of his apartment, including the handgun that is the subject of the indictment. A hearing was held on the motion in November 2005. On April 25, 2006, the district court granted Mr. Cos' motion to suppress the evidence. The next day, Mr. Cos filed a motion for reconsideration of his detention order. That motion was denied on May 5.

The government filed a motion for reconsideration and a supplemental motion for reconsideration of the district court's suppression order. Those motions were denied on May 17. The government then filed another motion for reconsideration, which was denied on June 9. Finally, the government filed an appeal of the district court's decision on June 29. That appeal is currently pending before this court.

On July 25, 2006, Mr. Cos filed a motion in the district court for release pending appeal. The district court denied the motion and this appeal followed.

II

A motion seeking release pending an appeal by the government is controlled by 18 U.S.C. § 3143, which provides that a court should treat a defendant in this situation according to § 3142. *See* § 3143(c). Under § 3142, a

defendant may be detained only if the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). In making this determination, the court must consider the following factors: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g)

We review *de novo* mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review the district court's findings of fact for clear error. *Id.*

The District Court's Decisions

In its decision denying the request for release pending the government's appeal of the suppression order, the district court concluded that Mr. Cos "remains a danger to the community and a flight risk for substantially the same reasons that the Court set forth in its May 5, 2006 Memorandum Opinion and Order." Aplt. App. at 147. The court went on to note that:

> Cos' two prior drug convictions, at least one of which involves
> trafficking, also continue to concern the Court, especially in light of
> Cos' possession of a loaded firearm. The picture that the Court has
> of Cos, given the evidence in the record, is that he engages in drug

-4-

trafficking activities. Cos' conduct reveals an individual who has refused to reform his criminal ways.

*Id.* at 148.

In the May 2006 order addressing Mr. Cos' request to reconsider the detention order after the district court's suppression of the evidence, the district court analyzed the § 3142 factors and made the following findings:

> The nature and circumstances of the offense charged remain unchanged. While the weight of the evidence may have changed in light of the Court's suppression of the firearm, that factor should not be given much weight because the United States may appeal that ruling. The gun is still available as possible evidence; the issue is whether it is admissible. Further, Cos' history and characteristics raise a significant risk of non-appearance because of the lack of information the Court has about his family, about what he is doing in the community, about his employment, and about his financial ties. Regarding his criminal history, he was a defendant in two consolidated cases in state court and demonstrated poor performance while on supervised release. According to Pretrial Services, he also has a number of aliases. While there was some dispute at the hearing whether Cos is in the country legally, he has an Immigration hold against him. Finally, on the nature and seriousness of the danger factor, his criminal history reflects prior offenses of a serious nature and a record of probation violations.

*Id.* at 84. The court concluded its analysis with the following determination: "With these factors in mind, the Court sees no conditions or combination of conditions that will reasonably assure Cos' appearance or alleviate the risk that his release will pose to the community." *Id.* at 85.

III

Mr. Cos asserts that the district court erred in three ways in determining that he should be detained pending appeal. His first argument is that the district court failed to accord proper weight to the extended length of time that Mr. Cos has spent in detention and failed to consider the due process implications of his prolonged pretrial detention. We will consider this argument last. The second argument is that the district court did not accord proper weight to its suppression order. The third argument is that the district court did not conduct a proper evaluation of the § 3142 factors in making its detention decision.

The Suppression Order

Mr. Cos argues that the district court should have treated its suppression order with more significance. Under § 3142(g)(2), the district court must consider the weight of the evidence against the person as a factor in the detention determination. As the district court explained in its May 2006 order, although the suppression order may have impacted this factor, the factor itself should not be given much weight because of the government's appeal and the fact that the gun is still available as possible evidence. The only issue is whether or not the gun will be admissible at trial. In a detention hearing, the district court is permitted to consider the evidence sought to be suppressed as if it were admissible. *See* 18 U.S.C. § 3142(f) ("The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at

the [detention] hearing."). Consequently, the district court did not err in its consideration of this factor. It was appropriate to downplay the significance of the suppression order by noting that the gun is still available as possible evidence.

Evaluation of the § 3142(g) Factors

Mr. Cos argues that the district court erred in its evaluation of the § 3142(g) factors. With respect to the first factor, in its May 2006 order, the district court noted that regardless of the suppression order, "[t]he nature and the circumstances of the offense charged remain unchanged." Aplt. App. at 84. Although we agree with Mr. Cos that the felon-in-possession charge is not a crime of violence for purposes of the Bail Reform Act, *see United States v. Ingle*, 454 F.3d 1082, 1084-86 (10th Cir. 2006), it does involve a loaded firearm and the circumstances leading to the offense involved the execution of a state arrest warrant with allegations of a violent nature. As the district court noted, "[t]his case arises out of an arrest warrant for Kidnaping, Aggravated Assault, and Aggravated Assault with a Deadly Weapon. The allegations are that, in an apparent jealous rage, Cos attempted to stab his ex-girlfriend and a male individual, and the two victims took cover inside a parked vehicle." Aplt. App. at 147-48. During the state's attempt to execute the arrest warrant, the officers discovered the loaded firearm under the bed in Mr. Cos' apartment. We therefore agree that the circumstances leading to the felon-in-possession charge weigh in favor of detaining Mr. Cos pending the government's appeal.

With regard to the second factor, the weight of the evidence against the person, we have already noted that for purposes of the detention hearing, "[t]he rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Because the discovery of the firearm is information that may be considered at the detention hearing regardless of its admissibility as evidence in the criminal trial, this factor also weighs in favor of detaining Mr. Cos pending appeal.

The third factor involves consideration of the history and characteristics of the person, including:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

*Id.* § 3142(g)(3). The district court concluded that Mr. Cos' history and characteristics raise a significant risk of non-appearance. We agree. As the district court noted, there is very little information about Mr. Cos' family, about what he is doing in the community, about his employment, and about his finances.

Moreover, he has a prior state court conviction for drug trafficking and he violated the terms of his parole for that violation on several occasions.

Finally, on the nature and seriousness of the danger factor, the district court reiterated that Mr. Cos' criminal history reflects prior offenses of a serious nature and a record of probation violations. The court stated:

> Cos' two prior drug convictions, at least one of which involves trafficking, also continue to concern the Court, especially in light of Cos' possession of a loaded firearm. The picture that the Court has of Cos, given the evidence in the record, is that he engages in drug trafficking activities. Cos' conduct reveals an individual who has refused to reform his criminal ways.

Aplt. App. at 148. In addition to Mr. Cos' criminal history, the record reflects that a scale–of the kind typically associated with drug trafficking–and $500 in cash were found during the search of Mr. Cos' apartment after his arrest. *Id.* at 156-58. We again agree with the district court that this factor weighs in favor of detaining Mr. Cos pending appeal. The district court did not err in its evaluation of the § 3142(g) factors and its decision to detain Mr. Cos pending appeal.

Length of Pretrial Detention

At the time of the hearing on the motion for release pending appeal, Mr. Cos had been detained for almost 14 months, since June 29, 2005. In his motion, Mr. Cos asserted that, in light of the length of his pretrial detention, greater justification for his continued detention was required under the Due Process Clause. Mr. Cos contended that his sentence may be as short as

27 months and he has now already served half of that time. Moreover, he argued that "'when the admissibility of all evidence against defendants is questionable, [ . . . ] prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required.'" Aplt. App. at 92 (quoting *United States v. Shareef*, 907 F. Supp. 1481, 1485 (D. Kan. 1995)). The district court did not address this due process argument in its order denying the motion for release pending appeal. Mr. Cos argues that this was error.

A district court is not required to consider the length of pretrial detention when making its initial detention decision. *Cf.* 18 U.S.C. § 3142; *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986) (declining to hold Bail Reform Act unconstitutional for omitting the duration of pretrial incarceration from the factors to be considered by the judicial officer in the detention determination). The court in *Accetturo* went on to explain however, that:

> We agree with the Second Circuit that at some point due process may require a release from pretrial detention or, at a minimum, a fresh proceeding at which more is required of the government than is mandated by section 3142. Thus, a determination under the Bail Reform Act that detention is necessary is without prejudice to a defendant petitioning for release at a subsequent time on due process grounds.

*Id.*; *see also Shareef*, 907 F. Supp. at 1483-84 (reopening detention hearing to examine the due process implications of the continued detention of defendants). Because Mr. Cos' motion for release pending appeal was akin to a motion to reopen his detention hearing, it was appropriate for Mr. Cos to assert his due

process argument. The district court should have ruled on that issue. On remand, the district court should consider: 1) the length of detention; 2) the extent of the prosecution's responsibility for the delay of trial; and 3) the strength of the evidence upon which the detention was based. *See United States v. Millan*, 4 F.3d 1038, 1043-1047 (2d Cir. 1993).

IV

Because the record supports the district court's findings and there was no legal error, we AFFIRM the decision of the district court denying release pending appeal. We REMAND for the district court to consider the due process implications of the length of Mr. Cos' pretrial detention. The underlying appeal, No. 06-2187, *United States v. Cos*, will be expedited. The case will be placed on the next available docket and no extensions will be granted on the briefing schedule.

ENTERED FOR THE COURT
PER CURIAM