**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

WINFRED JAMES GRIGSBY,
a/k/a Winford Gale Grigsby,

　　　　Defendant-Appellant.

No. 08-7014
(D.C. No. 6:06-CR-00047-RAW-1)
(E.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **LUCERO**, and **GORSUCH**, Circuit Judges.

---

Appellant Winfred James Grigsby appeals the district court's revocation of

supervised release and its order of detention pending his re-trial on a charge of

aggravated sexual abuse of a minor in Indian country.  We affirm.

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

Mr. Grigsby was accused of sexually abusing his five-and-a-half-year-old grandniece during a sleep-over at his house, in violation of 18 U.S.C. § 1151, 1153, 2241, and 2246(2)(C) (Aggravated Sexual Abuse of a Minor in Indian Country). "[C]ases involving sex crimes against minors," are considered violent crimes because "there is always a substantial risk that physical force will be used to ensure a child's compliance with an adult's sexual demands." *United States v. Munro,* 394 F.3d 865, 870 (10th Cir. 2005) (quotation omitted). Thus, the charged crime meets the definition of "crime of violence" under the Bail Reform Act, 18 U.S.C. § 3156(a)(4)(B).

For the release of such a defendant, "a judicial officer must hold a hearing on motion of the government to determine if any conditions would permit the safe release of the charged defendant." *United States v. Ingle*, 454 F.3d 1082, 1084 (10th Cir. 2006) (citing 18 U.S.C. § 3142(f)(1)(A)). The court's decision is to be guided by four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community. 18 U.S.C. § 3142(g)(1)-(4).

After Mr. Grigsby was indicted in August 2006, the court ordered detention pending trial. Approximately a month later, the court held a hearing on Mr. Grigsby's motion for revocation of the detention order. The court heard

testimony that Mr. Grigsby was over 70 years old, had a profound hearing loss (but no hearing aids), emphysema, bad eyesight, and, due to surgery, only half a stomach. He lived with one of his sons, Winfred Grigsby, Jr., in a home close to many other family members. He had never traveled more than ten miles from his residence.

Considering the statutory factors in light of Mr. Grigsby's age and infirmities, the court found that it could impose a combination of conditions that would reasonably assure the safety of other persons and the community. Specifically, Mr. Grigsby was ordered into the custody of his son Winfred Junior and a niece, who both agreed to supervise him in accordance with all the conditions of release. These conditions required Mr. Grigsby to avoid all contact with children under the age of 18 and potential witnesses; remain at home except for pre-approved medical appointments, religious services, and court appearances; refrain from excessive use of alcohol; and agree to warrantless searches by law enforcement and probation officers. In addition, Mr. Grigsby was required to install a land line so that his location could be electronically monitored and advise the probation office of any contact with law enforcement personnel.

In December 2006, Mr. Grigsby was tried and found guilty of the charged offense. The court, however, granted Mr. Grigsby's motion for a new trial and allowed him to remain free on the pre-trial terms of release. During the summer of 2007, a probation officer moved to revoke bail because Winfred Junior had

been arrested, but no one had informed the probation office of this contact with law enforcement. The court denied the motion, concluding that Mr. Grigsby could have been unaware of a duty to report his son's arrest. The court then substituted another son, Larry Grigsby as custodian for purposes of the requirements of the release order and stated that other family members must fulfill the custodial obligations on brief occasions when Larry was unavailable. At the conclusion of the hearing, the court advised defendant of the seriousness of the situation and warned that a violation would result in revocation of release.

In October of 2007, a probation officer sought to modify Mr. Grigsby's conditions of release. The district court agreed and, without holding a hearing, issued an order on October 15, 2007. The order barred Winfred Junior from the residence, replaced Rose Gutillo with Marcia Grigsby (a daughter) as the second custodian, and required either Marcia or Larry Grigsby to be with defendant at all times. During a home visit on December 19, 2007, however, the probation officer found defendant and three other individuals unrelated to Mr. Grigsby. Neither of the named custodians was present.

The next day, the officer filed another motion to revoke pretrial release. The court held an evidentiary hearing on the motion and determined that Mr. Grigsby had violated the October 15 order, revoked the release order, and remanded Mr. Grigsby to the custody of United States Marshal. Mr. Grigsby moved for reconsideration, arguing that he should not be held responsible for the

failings of his custodians, that he could have believed he was in compliance with the conditions of release, and that he met the court's primary concerns by remaining at home without contacts with children. The court denied the motion for failure to rebut the statutory presumption of the need for his detention to reasonably assure the safety of any other person and the community.

## Discussion

Generally, a bail appeal presents questions of fact and mixed questions of law and fact. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). This court "appl[ies] de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Id.*

Mr. Grigsby's counsel emphasizes his medical condition but does not make well-developed legal arguments. Contrary to his contentions, he has not demonstrated that he reasonably misapprehended the conditions of release, that he lacked notice of the need to report his custodians' violations of the rules, or that he substantially complied with the court's requirements. Taken together, the district court's serial orders clearly set out the conditions of release and adequately address the § 3142(g) factors. We see no error in the district court's

determination that Mr. Grigsby presents a danger to society and a risk of flight.

AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM