**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL NORRIS SCHMIDT,

Defendant-Appellant.

No. 08-3249
(D.C. No. 5:08-CR-40031-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **GORSUCH**, Circuit Judges.

Defendant Michael Norris Schmidt appeals from a district court order affirming the magistrate judge's order for his detention, based on his potential danger to the community pending trial. We exercise jurisdiction under 18 U.S.C. 3145(c) and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Schmidt is charged in the United States District Court for the District of Kansas with eight crimes involving firearms: three counts of firearm possession by a felon, in violation of 18 U.S.C. § 922(g); three counts of possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(j); and one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The charged offenses allegedly occurred on three occasions between November 2007 and March 2008.

At Mr. Schmidt's arraignment and detention hearing, the government followed the probation office's recommendation and requested pretrial detention based on the multiple charges, his criminal history, and his problems with drug and alcohol abuse. Mr. Schmidt's attorney argued that the government was overstating the situation–that his criminal history listed relatively minor offenses and that the guns involved in the charged offenses were hunting weapons, except for a revolver and sawed-off shotgun found during a search of a girlfriend's home. The attorney proposed conditions of release that would allow Mr. Schmidt to live at a friend's house in Wamego, Kansas.

Upon consideration of the parties' proffers and arguments, the magistrate judge found that Mr. Schmidt had no significant family ties in the area, no employment, and no substantial financial resources. Also, he had a history of substance abuse and a prior criminal record. The magistrate judge was

particularly troubled by the "significant number of weapons" involved on "three different occasions" over a five-month period. Aplt. App., Tab 6 at 38. Each time Mr. Schmidt was found in possession of firearms, he also was found in possession of user quantities of illegal substances. To the magistrate judge, the evidence was clear and convincing that Mr. Schmidt should not be released because no condition or combination of conditions would reasonably assure the safety of other persons in the community.

Mr. Schmidt sought review of the detention order from the district court, asserting that the magistrate judge's findings were inconsistent with the factual circumstances. Further, he asked to be released to live in Harrison, Arkansas, with his ill parents. Mr. Schmidt avowed if released, he would care for his parents and seek immediate employment. In addition, he would be amenable to any conditions imposed by the court, including drug testing, drug treatment, and electronic monitoring.

The district court examined the evidence presented to the magistrate judge and also considered the evidence offered at the review hearing. Based on its *de novo* review, the district court denied defendant's motion and ordered him detained pending trial. Mr. Schmidt now appeals, arguing that the district court erred in upholding the magistrate judge's order of pretrial detention.

## II.

Claims of erroneous detention present questions of fact and mixed questions of law and fact. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). This court "appl[ies] de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Id.*

Pretrial release and detention are governed by 18 U.S.C. § 3142, a provision of the Bail Reform Act (the Act). "Generally, the Act allows the detention of a defendant pending trial only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Ingle*, 454 F.3d 1082, 1084 (10th Cir. 2006). Under §§ 3142(e) and (f), a defendant may be detained based on danger to the community only if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the community's safety. *Cisneros*, 328 F.3d at 616. A court's decision on this issue is to be guided by four factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community. § 3142(g)(1)-(4).

On appeal, Mr. Schmidt does not point to a specific procedural, factual, or legal error in the district court proceedings. Rather, he continues to emphasize that neither his previous convictions nor the charged offenses are crimes of violence. Our *de novo* review of the record reveals no error in the district court's consideration of the statutory factors or the weight it accorded to these factors.

The order of the district court is AFFIRMED.

Entered for the Court
Per Curiam