**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

DANA JARVIS,

        Defendant-Appellant.

No. 08-2223
(D.C. No. 1:05-CR-01849-JCH-1)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **O'BRIEN**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Dana Jarvis faces numerous criminal charges in a complex, multi-defendant case pending in the district court. He sought to be released from pretrial detention on the ground that his detention, which has now exceeded three years, has become so protracted as to violate his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. The district court denied

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his motion; he appealed. We have jurisdiction under 18 U.S.C. § 3145 and 28 U.S.C. § 1291.

Jarvis did not seek statutory relief under Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, or the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174. Nor did he raise a Sixth Amendment speedy trial issue. Instead he made only a due process argument. Thus, we do not have the benefit of the district court's statutory or Sixth Amendment analysis. The Supreme Court left open the question of whether a substantive due process right to pre-trial release not authorized by statute exists simply because of the passage of time. We decline to plow new ground under the Due Process Clause until there is no alternative. Accordingly, we vacate the district court's decision and remand for a disciplined statutory and Sixth Amendment analysis, should such be requested, before addressing the due process issue. We decline Jarvis's request to assign the matter to a new district court judge.

## I.

Jarvis was arrested on August 25, 2005, after being indicted on charges of conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, and money laundering in violation of 18 U.S.C. § 1956. He had his initial appearance on August 26, and on August 29, the magistrate judge conducted an arraignment and detention hearing.

The Bail Reform Act provides that a defendant shall be detained pending trial if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Section 3142(e) further establishes a rebuttable presumption in cases involving particularly serious charges that no conditions or combinations of conditions will be sufficient to allow release pending trial. *Id.* The magistrate judge found there were risks that Jarvis would not appear and that he would endanger the safety of another person or the community if released and found he had not rebutted the rebuttable presumption. Accordingly, the magistrate judge ordered Jarvis detained. Jarvis did not appeal to the district court or to this court. *See* 18 U.S.C. § 3145 (setting forth process for appealing detention decisions).

In mid-October, 2005, Jarvis filed a motion for release on conditions. On November 7, 2005, the magistrate judge held a bail review hearing. After considering the exhibits and testimony presented, the magistrate judge again concluded Jarvis had not rebutted the rebuttable presumption. Particularly, the magistrate judge found Jarvis to be a flight risk (by a preponderance of the evidence) and he presented a danger to the community if released (by clear and convincing evidence). The court determined "no condition or combination of conditions will reasonably assure the appearance of defendant at Court proceedings as required, or, reasonably assure the safety of others and the

community." R. Doc. 248 at 1. Accordingly, the magistrate judge denied the motion for release. Jarvis did not seek review from the district court or this court, so the detention order remained in effect.

For various reasons, the proceedings before the district court have been protracted. Most recently, the trial was continued to March 23, 2009, due at least in part to several defense attorneys' scheduling conflicts. In July 2008, Jarvis again moved for release. He did not seek relief under the Bail Reform Act, which provides for a reopening of the release/detention hearing if there is new evidence materially bearing on whether conditions of release will reasonably assure appearance at trial and the safety of other people and the community. 18 U.S.C. § 3142(f). He essentially claimed the passage of time, alone, required his release under the Due Process Clause. The district court proceeded in accord with our unpublished decision in *United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006) (per curiam), which this court remanded for the district court to consider whether an extended pretrial detention violated the Due Process Clause. *Cos* identified three relevant factors: "1) the length of detention; 2) the extent of the prosecution's responsibility for the delay of trial; and 3) the strength of the evidence upon which the detention was based." *Id.* Having analyzed the *Cos* factors, the district court decided Jarvis's continued detention did not violate the Due Process Clause and denied his release motion. From that order Jarvis appeals. The government has filed a brief in opposition.

II.

Our review of the district court's detention decision is de novo, although we defer to the district court's factual findings. *See United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991) (per curiam) ("Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings.").

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In *United States v. Salerno*, the Supreme Court concluded "that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause." 481 U.S. 739, 748 (1987). One of the factors on which the *Salerno* Court relied in reaching its decision is that "the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act [of 1974, 18 U.S.C. §§ 3161-3174]." *Id.* at 747.[1] Because Jarvis has not tested whether statutory or Sixth Amendment remedies would afford relief his due-process challenge is premature.

It is "a fundamental rule of judicial restraint" that "[p]rior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds

---

[1]    In *Salerno*, the Court "intimate[d] no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal." 481 U.S. at 747 n.4.

-5-

for decision." *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (citations and quotations omitted). Jarvis has at least one available nonconstitutional remedy – the Bail Reform Act – that may end his pretrial detention. The Bail Reform Act provides a means of reopening a bail hearing "at any time before trial" upon a showing of material new evidence. 18 U.S.C. § 3142(f). And the Bail Reform Act may require pretrial release on conditions even in circumstances in which continued detention is not unconstitutional. *See United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991).

Further, in some circumstances, the Speedy Trial Act explicitly provides for automatic review of detention. *See* 18 U.S.C. § 3164(c). Even where section 3164 is inapplicable, the Speedy Trial Act may provide relief where ending a protracted pretrial detention is a primary concern of a defendant, either through an order requiring trial to commence or bail to be granted, *see United States v. Theron*, 782 F.2d 1510, 1516-17 (10th Cir. 1986), or through an outright dismissal of the charges, *see* 18 U.S.C. § 3162(a)(2); *United States v. Abdush-Shakur*, 465 F.3d 458, 462 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1321 (2007).

Another factor that favors allowing district courts the opportunity to consider nonconstitutional forms of relief in the first instance is that Jarvis's motion is grounded in substantive due process. *See Salerno*, 481 U.S. at 746 (analyzing the facial constitutionality of the Bail Reform Act under substantive

due process).  "The history of substantive due process counsels caution and restraint."  *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring) (quotation omitted).

> [T]he Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended. The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.

*Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).  "Exercis[ing] utmost care" logically includes evaluating less drastic forms of relief before reaching substantive due process.

The Supreme Court also has indicated a preference for proceeding under more specific constitutional rights before resorting to substantive due process. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that Fourth Amendment standards, not substantive due process, should be applied in cases involving excessive force during a law enforcement "seizure").  In this regard, in contrast to *Salerno*, which deferred the question of when due process might come into play with regard to extended pretrial detentions, *see* 481 U.S. at 747 n.4, the Supreme Court has established a balancing test for evaluating deprivations of the Sixth Amendment right to a speedy trial, *see Barker v. Wingo*, 407 U.S. 514, 530 (1972).  We recognize that defendants may have reasons for preferring not to invoke their Sixth Amendment right, *see id.* at 521, and that demanding a speedy (or at least speedier) trial under the Constitution does not precisely redress the

fact of pretrial detention, since the defendant may still remain in custody. But invoking the Sixth Amendment right may shorten the duration of pretrial detention, if that is of primary concern to a defendant, and thus the Sixth Amendment right to a speedy trial may also be a source of relief in appropriate circumstances.

Other courts have adopted particular tests for analyzing protracted pretrial detentions under the Due Process Clause. *See, e.g., United States v. Millan*, 4 F.3d 1038, 1043 (2d Cir. 1993) ("To determine whether the length of pretrial detention has become constitutionally excessive, we must weigh three factors: (I) the length of detention; (ii) the extent of the prosecution's responsibility for the delay of the trial; and (iii) the strength of the evidence upon which the detention was based[.]" (quotation omitted)); *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986) (listing appropriate factors to consider). In unpublished, nonbinding decisions, this court has approved the Second Circuit's three-factor test either explicitly, *see Cos*, 198 F. App'x at 732, or implicitly, *see United States v. Peters*, No. 94-2107, 1994 WL 325419, at * 1 (10th Cir. July 7, 1994). We need not decide today whether these tests appropriately determine when a protracted pretrial detention becomes "punishment." We note, however, that any record created as a result of analyzing challenges under the Bail Reform Act, the Speedy Trial Act, and/or the Sixth Amendment right to a speedy trial inevitably would inform a due-process analysis.

Finally, we emphasize that we are neither instituting an exhaustion requirement for due-process claims regarding extended pretrial detention nor requiring defendants to bring their challenges separately and serially. Defendants may choose to present a due process claim *in addition to* claims under the Bail Reform Act, the Speedy Trial Act, and/or the Sixth Amendment right to a speedy trial, as appropriate, and the district court may consider the narrowest grounds of relief first. We simply hold that, where established nonconstitutional and constitutional remedies exist, defendants should not force the district court into a substantive due process analysis without also allowing it to evaluate more restrained means of granting relief.

### III.

Jarvis also requests that his matter be assigned to a new district court judge. This court exercises its power to assign a new judge when (1) there is evidence of actual bias or prejudice against the party or (2) on the basis of a three-part test:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (quotation omitted). Jarvis does not allege that the district judge harbors personal bias against him, but instead relies on the three-part test. We do not agree that the district judge

appears to have had difficulty putting out of her mind this court's reversal of one of her previous rulings or that reassignment would be necessary to preserve the appearance of justice. Moreover, in this complicated, multi-defendant case with numerous pending issues, "reassignment would entail waste and duplication out of proportion to any gain" that would be realized. *Id.* (quotation omitted). Accordingly, we deny the request for reassignment to a new district judge.

IV.

Jarvis's motion for release under the Due Process Clause did not adequately allow the district court to consider other avenues of relief before relying on substantive due process. Accordingly, we decline to consider his appeal of the denial of that motion at this time, vacate the district court's decision, and remand to allow Jarvis the opportunity to pursue narrower grounds for relief in the first instance.

Entered for the Court,


Terrence L. O'Brien
Circuit Judge