# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1102

_____

United States of America,

*Plaintiff - Appellee*,

v.

Terry Marshall Campie,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 17, 2012
Filed: December 11, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Terry Marshall Campie pleaded guilty to attempting to use the Internet knowingly to entice a minor to engage in sexual activity, in violation of 18 U.S.C.

§ 2422(b). The district court[1] sentenced him to a statutory minimum term of ten years' imprisonment, followed by ten years of supervised release. Campie appeals, asserting the ten-year period of supervised release is unreasonable. We review the reasonableness of the term for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Brewer*, 628 F.3d 975, 978 (8th Cir. 2010).

Campie argues that his sentence is greater than necessary because he will be under supervision from ages sixty-four to seventy-four, he has no prior criminal record, and he is educated and employed. The advisory sentencing guidelines, however, recommend a term of supervised release between five years and life, USSG § 5D1.2(b)(2) & comment. (n.1); this is the same range authorized by statute, 18 U.S.C. § 3583(k). By way of policy statement, the Sentencing Commission further recommends that the court impose the statutory maximum term of supervised release (here, life) when a defendant is convicted of a "sex offense" within the meaning of the guideline. *Id*. § 5D1.2(b) (policy statement). Because Campie's term of supervised release is within the advisory range, and indeed less than the recommended term of life, we presume that it is reasonable. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005); *see Rita v. United States*, 551 U.S. 338, 347 (2007).

The circumstances cited by Campie are not so compelling as to require a term of supervised release of fewer than ten years. While Campie focuses on mitigating factors, other evidence militates in favor of a longer period of interaction with the probation office for a sex offender after incarceration—namely, information that Campie has suffered from a history of depression and lacks "social support" other than a close relationship with his son. While a court may not lengthen a term of imprisonment to foster a defendant's rehabilitation, *Tapia v. United States*, 131 S. Ct.

---

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

2382, 2385 (2011); 18 U.S.C. § 3582(a), supervised release is governed by a different statute that directs the court to consider how to provide the defendant with "correctional treatment in the most effective manner." 18 U.S.C. §§ 3583(c), 3553(a)(2)(D); *see also United States v. Love*, 19 F.3d 415, 417 n.4 (8th Cir. 1994) (citing legislative history that a "primary goal of supervised release" is to provide rehabilitation to a defendant who still needs supervision). And it is not self-evident, as Campie suggests, that it is a "waste of government resources" to supervise a sex offender in his seventies. *Cf. United States v. Grigsby*, 270 F. App'x 726, 727 (10th Cir. 2008); *United States v. Quinn*, 257 F. App'x 864, 866 (6th Cir. 2007); *United States v. MacEwan*, 445 F.3d 237, 249 n.11 (3d Cir. 2006).

The judgment of the district court is affirmed.

_____